**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **WICKFIRE, LLC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CA NO. 1:14-CV-34 SS** |
| | § | |
| **TRIMAX MEDIA, INC.** | § | |
| | § | **JURY DEMAND** |
| **Defendant.** | § | |

**JOINT REPORT PURSUANT TO RULE 26(F)**

Plaintiff Wickfire, LLC ("Wickfire") and Defendant TriMax Media, Inc. ("TriMax") submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties, by and through their undersigned counsel, conferred:

- by telephone on Wednesday, February 26, 2014;
- by telephone on Thursday, March 6, 2014;
- by email at various times.

Based on those conferences, the parties have stipulated and agreed as follows:

**DISCOVERY PLAN**

A.  **Rule 26(f)(3)(A): what changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that disclosures pursuant to Rule 26(a)(1)(A)(iii) (computation of damages) would be more useful after conducting initial discovery pursuant to Phase 1 of the Discovery Plan described below. Accordingly, the parties jointly request that the requirements

of Rule 26(a)(1)(A)(iii) be modified to require such disclosures on June 16, 2014. Both parties will otherwise serve their respective initial disclosures on March 28, 2014.

**B.     Rule 26(f)(3)(B): the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties believe that discovery in this case is best conducted in phases. The first phase (Phase 1) is focused on initial third-party discovery related to the actions, claims and defenses alleged in the complaint and counterclaims, and is to be limited as follows:

- Third-party discovery.

- No first-party discovery, except that each party may ask up to ten (10) interrogatories to the other party that must be limited to requesting information relevant to identifying appropriate sources of third-party discovery. Responses to such interrogatories shall be due no later than fifteen (15) days after service. The interrogatories during Phase 1 do not count against any limits provided by the Federal Rules of Civil Procedure or any other limits that the parties might agree on for conducting Phase 2.

- Phase 1 begins on Wednesday, March 19, 2014. The last day of Phase 1 is Friday, May 30, 2014.

The parties agree to conduct at least one settlement conference prior to the close of Phase 1.

The second phase (Phase 2) of discovery begins on Monday, June 2, 2014 and will be in compliance with the bounds provided by the Federal Rules of Civil Procedure. The parties agree to confer regarding whether any limits are appropriate for Phase 2 prior to the beginning of that phase.

The parties anticipate that they should be able to complete discovery by the deadline set forth in the parties' proposed Scheduling Order, attached hereto as Exhibit 1.

**C.     Rule 26(f)(3)(C): any issues about the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree to disclose and produce electronically stored information, including emails, consistent with the provisions provided by the parties' agreed Proposed Protective Order,

which will be filed within two days of this report. The parties have also agreed to produce documents electronically in a format to be agreed upon by the parties prior to beginning of Phase 2 of the above discovery plan. To the extent that technical issues arise regarding electronic formatting, the parties will work in good faith to address such issues.

**D.    Rule 26(f)(3)(D): any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their arrangement in an order.**

The parties will abide by the Federal Rules of Civil Procedure with respect to claims of privilege and/or work product. The parties anticipate reaching, and will submit to the Court prior to the beginning of Phase 2, an agreement regarding the form and timing of production of privilege logs and inadvertent disclosure of privileged or otherwise confidential information.

**E.    Rule 26(f)(3)(E): what changes should be made in the limitation on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed.**

At this time, the parties do not anticipate the need to make any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Western District. With respect to depositions, the parties further agree that all depositions shall take place where the witness resides or is voluntarily willing to appear, and that the parties will attempt to schedule depositions at the reasonable convenience of the witnesses.

The parties further agree that:

>    (1)    Testifying experts shall not be subject to discovery with respect to any draft of the expert's report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery;

    (2)    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually considered by or relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case;

    (3)    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case; and

    (4)    Materials, communications, and other information exempt from discovery under the foregoing paragraphs (1)-(3) shall be treated as attorney-work product for the purposes of this litigation and Order.

**F.    Rule 26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties agree that a proposed protective order in a form to be filed within two days of this report shall apply to the disclosure of confidential or proprietary information.  The parties request that the Court issue said protective order in this litigation.  The parties further request that the Court issue the proposed Scheduling Order attached hereto as Exhibit 1.

-5-

DATED: March 19, 2014.                             Respectfully submitted,

By: */s/ Edward A. Cavazos*
  Edward A. Cavazos (Texas Bar No. 787223)
  Brian Nash (Texas Bar No. 24051103)
  Bracewell & Giuliani, LLP
  111 Congress Ave, Suite 2300
  Austin, Texas 78701
  Telephone: (512) 494-3633
  Facsimile (800) 404-3970
  edward.cavazos@bgllp.com
  brian.nash@bgllp.com

  *Counsel for Plaintiff,*
  *Wickfire, LLC*


By: */s/ Gwen E. Bhella*
  Gwen E. Bhella
  State Bar No. 24046632
  John A. Price
  State Bar No. 16297700
  Calhoun, Bhella & Sechrest, LLP
  325 N. Saint Paul St., Suite 3950
  Dallas, Texas 75201
  Telephone: (214) 981-9200
  Facsimile: (214) 981-9203
  gbhella@cbsattorneys.com
  jprice@cbsattorneys.com

  *Counsel for Defendant,*
  *TriMax Media, Inc.*