IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Wickfire, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TriMax Media, Inc., <br><br> Defendant. | CIVIL ACTION NO: 14-CV-34 |

### John Doe's Amended Motion to Quash Subpoena

John Doe, a non-party, by and through his counsel of record, hereby moves the Court to quash the subpoena served by Plaintiff Wickfire, LLC, on Google, Inc., and would show as follows.

### BACKGROUND

1. On June 17, 2014, John Doe was notified by Google that this court had issued a third-party subpoena "requesting information related to" his Google Account. A true and correct copy of this notice is attached hereto as **Exhibit A**.

2. John Doe is not a party to this lawsuit.

3. On July 3, 2014, John Doe filed a motion to quash the subpoena to Google, Inc. (Docket No. 16.) In that motion, John Doe noted that he had not yet been provided with the subpoena served on Google and that upon review of the subpoena, he might have additional grounds for his motion to quash.

4. Wickfire has now provided John Doe with a copy of the subpoena duces tecum it served on Google. The subpoena is attached hereto as **Exhibit B**. John Doe files this amended motion to quash, to address the specific requests contained in the subpoena.

## ARGUMENTS AND AUTHORITIES

5. Under Rule 45(d)(3)(A), a subpoena must be quashed if it requires the disclosure of privileged or other protected matter to which no exception applies. And under Rule 45(d)(3)(B), a subpoena may be quashed if it requires the disclosure of a trade secret or other confidential research, development, or commercial information. In addition, documents are outside the scope of discovery if they are not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

6. Here, the subpoena contains a list of "Google AdWords advertisements" and requests documents related to the accounts "responsible for placing the advertisement[s]." (Ex. A, page 3 ¶¶3 – 6.) Specifically, the subpoena requests:

    6.1. "[A]ll documents relating to the account information for each account" (*Id.* at ¶ 3);

    6.2. "[A]ll documents relating to the internet protocol ("IP") address(es) and browser user agent information used when accessing each such account from October 1, 2012 to present, and the associated time and date of such access" (*Id.* at ¶ 4);

    6.3. "[D]ocuments reflecting all advertisements placed by each account, including destination and tracking uniform resource locators ("URLs"), from October 1, 2012 to present" (*Id.* at ¶ 5); and

6.4. "[D]ocuments reflecting all changes for the account (*i.e.,* a change log), from October 1, 2012 to present" (*Id.* at ¶ 6).

7. These requests are overly broad: they seek all documents related to the account – not just those related to the lawsuit. This includes information that is irrelevant to the case and protected from discovery by Rule 45(d)(3).

8. Wickfire's requests seek documents irrelevant to its claims and defenses to this lawsuit – it requests *every* advertisement the account has placed, *every* time the account has been accessed, *every* location from which the account has been accessed, and *every* document related to the account. These requests far exceed the permitted scope of discovery.

9. Moreover, the breadth of the document requests would require the production of John Doe's proprietary business information (including trade secrets and commercial information) and privileged material for which no exception or waiver applies. Indeed, if the subpoena is not quashed, John Doe's business model would essentially be handed to Wickfire.

10. Because John Doe is not a party to this lawsuit, the disclosure of any documents regarding his Google Account would be an undue burden, but at the very least the Court should order Wickfire to modify the subpoena to request only those documents related to the issues in this case.

## CONCLUSION

For the forgoing reasons, John Doe respectfully requests that the Court quash the subpoena duces tecum issued by Wickfire to Google.

Date: July 9, 2014                                       Respectfully Submitted,

*/s/ Peter. S. Vogel*
Peter S. Vogel
Texas Bar No. 20601500
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
pvogel@gardere.com

ATTORNEY FOR JOHN DOE

## CERTIFICATE OF SERVICE

I certify that on July 9, 2014, a copy of the foregoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties registered for such service.

*/s/ Peter. S. Vogel*
Peter S. Vogel

Gardere01 - 6470995v.1