## IN THE UNITED STATES DISTRICT COURT FILED
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **WICKFIRE, LLC** | |
| **Plaintiff,** | |
| **v.** | **CA NO. 1:14-cv-34 SS** |
| **TRIMAX MEDIA, INC.** | |
| **Defendant.** | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Wickfire, LLC will serve the attached subpoena in the above referenced action.

Dated: May 7, 2014                    Respectfully submitted,

  /s/Bradley D. Coburn
BRADLEY D. COBURN
State Bar No. 24036377
coburn@dcllegal.com
DENKO COBURN LAUFF LLP
3811 Bee Cave Road, Suite 204
Austin, Texas  78746
(512) 906-2074 (Telephone)
(512) 906-2075 (Facsimile)

ATTORNEYS FOR WICKFIRE, LLC

**Exhibit B**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2014, a copy of the foregoing was served via electronic mail and U.S Mail on the following

| | |
|---|---|
| Gwen E. Bhella (Texas Bar No. 24046632)<br>John A. Price (Texas Bar No. 16297700)<br>CALHOUN BHELLA & SECHREST LLP<br>325 N. Saint Paul St., Suite 3950<br>Dallas, Texas 75201<br>Telephone: (214) 981-9200<br>Facsimile (214) 981-9203<br>gbhella@cbsattorneys.com<br>jprice@cbsattorneys.com<br><br>**Attorneys for TriMax Technologies, Inc.** | **Via E-mail and U.S. Mail** |

/s/ Bradley D. Coburn_____
Bradley D. Coburn

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Western District of Texas

| | | |
|---|---|---|
| WICKFIRE, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:14-cv-00034 (SS) |
| | ) | |
| TRIMAX MEDIA, INC. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Google Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043 | Date and Time:<br>05/29/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:  By Stenographer and Videographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachments A-C, hereto.  Also enclosed is the applicable Protective Order.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  05/07/2014

*CLERK OF COURT*

                                                                OR

_____          _____
Signature of Clerk or Deputy Clerk                      Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Wickfire, LLC
                                                            , who issues or requests this subpoena, are:

Bradley Coburn, Denko Coburn Lauff LLP, 3811 Bee Cave Road, Suite 204, Austin, TX  78746
Phone:  (512) 906-2074

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:14-cv-00034 (SS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

      ❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❒  I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                                                          *Server's signature*

                                                          _____
                                                                                          *Printed name and title*


                                                          _____
                                                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1.      The term "document" as used herein shall have the broadest meaning accorded to it under the Federal Rules of Civil Procedure and applicable case law, and includes, but is not limited to, all of the items defined in Federal Rule of Evidence 1001, all non-identical copies, and all preliminary and final drafts of any such item, and all electronically stored information.

2.      The term "relating to" or "relate to" includes, but is not limited to, the following meanings:  pertaining to; concerning; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

3.      The term "communication" (or any variant thereof) means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any writings memorializing any oral contact such as face-to-face meetings or telephone conversations.

4.      The term "Google," "you," and "your" refers to Google, Inc. including without limitation, subsidiaries, its predecessors in interest, all past or present directors, officers, agent, representatives, employees, consultants, attorneys, associates, investigators, accountants, financial advisors, distributors, and entities acting in joint-venture or partnership relationships with Google, or any related corporate entity, and any others acting on behalf of Google.

5.      "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

6.      The term "identify," when used with respect to any person, means to give, to the extent known, the person's full name, present or last known address, e-mail  address, and telephone number, and when referring to a natural person, additionally the present or last known place of employment and position or occupation if known.  Additionally, for any legal entity (such as a corporation, company, or person other than a natural person), the term "identify," means to also state the entity's name, the place of incorporation or organization, the principal place of business and the nature of the business conducted by that legal entity, if known.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7.      The term "identify," when used with respect to any document means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), recipient(s), and name of present custodian(s); and (iv) production range.

8.      The term "identify," when used with respect to any communication means to identify the sender(s), recipient(s), and/or participant(s) of the communication and to state the date, subject matter, and nature (e.g., telephone call, meeting, letter, etc.) of the communication. If the communication was in person, also state the location.

9.       "Any" and "all" shall be construed to mean both any and all.

10.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

11.     The singular form of a word should be interpreted in the plural as well.

2

## REQUESTED DOCUMENTS

1. All documents relating to each of the Google AdWords Customer Support Ticket Numbers identified in Attachment B.

2. All documents relating to the placement of each of the Google AdWords advertisements corresponding to the tracking links identified in Attachment C.

3. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, all documents relating to the account information for each account, including but not limited to:

   a. All past and present user information associated with the account, including any customer or account number, customer or account name, user or log-in ID, or any other information identifying the account holder and/or user(s).

   b. All past and present contact information associated with the account, including names of persons or entities, physical addresses, mailing addresses, e-mail addresses, and telephone numbers.

   c. All past and present billing information associated with the account, including names of persons or entities, physical addresses, mailing addresses, e-mail addresses, and telephone numbers.

   d. All past and present payment information, including the form of payment and the last four digits of any credit, debit, bank, or other account number used for payment.

   e. The date the account was created and, if applicable, closed.

   f. To the extent any user information, contact information, billing information, or payment information has changed during the course of the account, the time and date of such change.

4. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, all documents relating to the internet protocol ("IP") address(es) and browser user agent information used when accessing each such account from October 1, 2012 to present, and the associated time and date of such access.

5. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, documents reflecting all advertisements placed by each account, including destination and tracking uniform resource locators ("URLs"), from October 1, 2012 to present.

6. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, documents reflecting all changes for the account (i.e., a change log), from October 1, 2012 to present.

## DEPOSITION TOPICS TO BE ADDRESSED

1. The scope, content, and underlying facts of any investigations relating to each of the Google AdWords Customer Support Ticket Numbers identified in Attachment B, including, as a result of such investigations, the identities of any third-parties found likely to be responsible for violating Google policies (or any other rules, restrictions, terms of use, regulations, or laws) in each instance.

2. The account information associated with each of the Google AdWords accounts responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, including but not limited to:

   a. All past and present user information associated with the account, including any customer or account number, customer or account name, user or log-in ID, or any other information identifying the account holder and/or user(s).

   b. All past and present contact information associated with the account, including names of persons or entities, physical addresses, mailing addresses, e-mail addresses, and telephone numbers.

   c. All past and present billing information associated with the account, including names of persons or entities, physical addresses, mailing addresses, e-mail addresses, and telephone numbers.

   d. All past and present payment information, including the form of payment and the last four digits of any credit, debit, bank, or other account number used for payment.

   e. The date the account was created and, if applicable, closed.

   f. To the extent any user information, contact information, billing information, or payment information has changed during the course of the account, the time and date of such change.

3. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, the IP address(es) and browser user agent information used when accessing each account from October 1, 2012 to present.

4. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, all advertisements placed

4

by each account, including destination and tracking URLs, from October 1, 2012 to present.

5. For each Google AdWords account responsible for placing the advertisements corresponding to the tracking links identified in Attachment C, all changes for the account from October 1, 2012 to present.

6. The identify of any other Google AdWords users or accounts that Google believes may be related to, linked to, or otherwise associated with the Google AdWords accounts responsible for placing the advertisements corresponding to the tracking links identified in Attachment C.

7. Authentication and explanation of any documents produced in response to this subpoena.

**ATTACHMENT B**

**Google AdWords Customer Support Ticket Numbers**

| Ticket Number | Date Opened |
|---|---|
| 0-1860000000096 | November 12, 2012 |
| 1-4579000000129 | November 16, 2012 |
| 8-4448000001446 | August 22, 2013 |
| 6-6406000001738 | September 25, 2013 |
| 7-8892000002103 | October 24, 2013 |
| 0-2487000001999 | November 1, 2013 |
| 9-3284000002332 | December 17, 2013 |
| 6-0295000002631 | January 16, 2014 |
| 0-4849000002859 | March 7, 2014 |

**ATTACHMENT C**

| List of Google Click Tracking Links<br>from Advertisements Made On Google AdWords |
|---|
| http://www.google.com/aclk?sa=L&ai=CsneiLSthU6XBJI_IsQfqr4HICZmPyssE8dSmsZEBkdeuCAgAEAMoA1DA2rJaYMnO-obIo-AayAEBqgQfT9A_tM9ax7n7SJ_2f4__Gb0eSZ0scC1v11yVbTZI6YAHydK-MZAHAQ&sig=AOD64_0bw8AwBXzi6yvFYlAfl4zd_6rCiQ&rct=j&q=&ved=0CDwQ0Qw&adurl=http://thecoupon.co/merchant/xandria%3Fwfcid%3D3c9a1d09-b5f8-0b2b-a0b4-a27265a4dfaa |
| http://www.google.com/aclk?sa=L&ai=CKjgPz3I4U9LACY7NsweshoCoDvniwMsEgbChsZEB4eH_vAYIABACKANQwNqyWmDJzvqGyKPgGsgBAaoEH0_QmJW3OHvZbuSL3SpwJG-NRKW0EXJS_c48FaRHCdaAB8nSvjGQBwE&sig=AOD64_0YLjiZAZcrnlvDta7HJWTGB8Qtdw&rct=j&q=frenchtoast&ved=0CDUQ0Qw&adurl=http://thecoupon.co/merchant/xandria%3Fwfcid%3D3c9a1d09-b5f8-0b2b-a0b4-a27265a4dfaa |
| http://www.google.com/aclk?sa=L&ai=Cur4tpx8KU_mFN8vNsweJyICQDtqKrpoEuq_wxX3oj-iaBwgAEAIoAlCFy4uB_v____8BYMnO-obIo-AayAEBqgQfT9A1L-Dc4YeZXx3pvKHz7MMfSjonL8i3WRx1RIpW7IAHyriJLpAHAQ&sig=AOD64_0DsZ3BvG6FduHXxkjyhbhp6Q457g&rct=j&q=moosejaw.com&ved=0CDIQ0Qw&adurl=http://thecoupon.co/merchant/xandria%3Fwfcid%3Dad25a166-33f6-01b0-84c0-6d25b81eebfd |
| http://www.google.com/aclk?sa=L&ai=CHCFATSAKU9z0LebNswfvp4CYCargmaEE4vvzxX2vuoIGCAAQAigCUIXLi4H-____wFgyc76hsij4BrIAQGqBB9P0Joz9_KspkDl7UOfTuck-_ZkLaYViXXheFpz73OPgAfKuIkukAcB&sig=AOD64_3EQXvFX1gtGBfkRF-zUmBA-vIiMw&rct=j&q=officedepot.com&ved=0CDMQ0Qw&adurl=http://thecoupon.co/merchant/xandria%3Fwfcid%3Dad25a166-33f6-01b0-84c0-6d25b81eebfd |

http://www.google.com/aclk?sa=L&ai=CSAM67hrhUtC4IOTi6wGLkYH4DcLWmKEEwvPw5Xz3lIUGCAAQAigCUNL_wf0BY
MnO-obIo-AayAEBqgQfT9A-
1T8H0K0TGFUphTC1CS5UzKGbzalvlQSE4a0xCIAHyriJLpAHAQ&sig=AOD64_1FJ2KidjPmJYBUXxqbwkmJq9fO6Q&rct=j&q
=josabank&ved=0CDMQ0Qw&adurl=http://thecoupon.co/merchant/lensworld%3Fwfcid%3D8f25e238-5161-0662-83ec-
f5b56b4619d4

---

http://www.google.com/aclk?sa=L&ai=C5MokjGntUuiTN7LNswfqjoDoC9qKrpoEuq_wxX3oj-
iaBwgAEAEoAlCtxc6uA2DJzvqGyKPgGsgBAaoEH0_Qe2EShyRcV9ukR4GsfZRsC1WsWNYMvUkM6fJTNoyAB8q4iS6QBwE
&sig=AOD64_0ESbqvqwkKYfhr0DS2bKBGWdLl_Q&rct=j&q=moosejaw.com&ved=0CCcQ0Qw&adurl=http://thecoupon.co/mer
chant/xandria%3Fwfcid%3D1d61530a-53cc-0aa4-a9d0-a511d8bb0e70

---

http://www.google.com/aclk?sa=L&ai=Cq-tUI5OzUr3jOK7AyQGm_YGoCOjOlrUEwP66qnuTk4IGCAAQAVC_79qk-
P_____8BYMnu_4bIo5AZyAEBqgQfT9DqQPXLSc3bfFmgmQByKtnbxgdTs09dIABoWLIcYIAHsOzQKpAHAQ&sig=AOD64_2-
gqt3Tm0M_6rL1al4a-Z9qS7Xog&rct=j&q=jos+a+bank&ved=0CC4Q0Qw&adurl=http://www.jdoqocy.com/click-5343315-
10356897%3Fsid%3D

---

http://www.google.com/aclk?sa=l&ai=CBo7VmG6lUO_ME6uh6QH-sIG4Abzh5PcC5PKgvzz-
3_SgLQgAEAEguVRQpNXG7P_____AWDJpu6M5KTAE6AB2Oij-
wPIAQGqBBlP0HXESiPhdXhmkAA6dYyZYCiYpKl9b0ptgAWQTg&sig=AOD64_2jwgMbbnz_IXE-
NefN5CpowKTAbA&ved=0CCwQ0Qw&adurl=http://www.freshology.com/&rct=j&q=freshology.com

---

http://www.google.com/aclk?sa=l&ai=CAvjc98p_UvOyIobtwQPf6oGwA5SprqME9O7CpHKBkbj8BQgAEAMoA1DK2enAAWDJ
hoCAiCSgAdjoo_sDyAEBqgQfT9DVQUHK1FqPJ0X-GgNnG6aB2pErI1iEcenuSGb9a4AHkJfcBJAHAQ&sig=AOD64_26tx-
w1KPmqIHwijoYoK5OboOzyg&rct=j&q=pzi+jeans&ved=0CEsQ0Qw&adurl=https://foursquare.com/v/pzi-jeans-
warehouse/4cc1ebf501fb236ae2a99bba

---

http://www.google.com/aclk?sa=L&ai=CHeYxg18CU8TZBqjHsQf12IAw7e7N9wTF86vIcr-H2OyIAQgAEAMoA1Cgm7Kp-
v_____8BYMnO-obIo-AayAEBqgQfT9BQKI52l9g9tx7h500-
mYbJgRBCqdpni9BQXRExTSYAHlZ3gLpAHAQ&sig=AOD64_0J0JJA4shi0yMEmPAn28hVc5YzSA&rct=j&q=resume2hire&ve
d=0CDsQ0Qw&adurl=http://www.resume2hired.com/resume-examples

http://www.google.com/aclk?sa=L&ai=CR4K3rQAbU--
zLqjQsQfHoYGYBcXkzfcEzYaxyHKQgvjMCQgAEAIoA1CTx_3y_P____8BYMnO84zkpPATyAEBqgQgT9DSc4i8krysXOrFGe
9sHm9bKx7htN7pA2n23kKZUhKAB5Wd4C6QBwM&sig=AOD64_0AtP9UzIIVuKrZs3K0Z6kB2SimLQ&rct=j&q=ShortOrder.co
m&ved=0CDIQ0Qw&adurl=http://shortorderla.com/

http://www.google.com/aclk?sa=L&ai=C26zu_u-dUsbDF-
iByQHz7IHgCfn6g_YDgdj_lpcBobDR24MBCAAQASCVuLoLUIHG_68HYMn--
4mYpKQTyAEBqgQeT9C1b456uN1POiVqSuJWc7wmjP9PuIE2mM2DNQU0gAWX4LwL2AYCgAfJgNwpkAcB&sig=AOD64_0
CGfIc8N9w5kUwX29FbhU7QjCDdQ&ved=0CAkQ0Qw&adurl=http://www.shareasale.com/r.cfm%3Fu%3D606880%26b%3D486
549%26m%3D47731%26afftrack%3D

http://www.google.com/aclk?sa=L&ai=CKRKHiAvYUvf0IfHi6wGwsIGQB6_c3scEr6XVh4AB-
_fNCQgAEAEoAlC3gra2B2DJzvqGyKPgGsgBAaoEH0_Q8KbvEtjRUUuUn72PbVJmoT5_cQ2jP_PTaOeyryyAB4eu9y-
QBwE&sig=AOD64_2BSxzpBFkDlinVRW_YboDonxxikg&rct=j&q=system+mechanic&ved=0CCwQ0Qw&adurl=http://click.link
synergy.com/fs-bin/click%3Fid%3DgS52pmVd1*Q%26offerid%3D245689.10000008%26type%3D3

http://www.google.com/aclk?sa=L&ai=CkROS3FSiUufmI-
eqsAffz4GADYit2rQE2PXZk3vm_O4TCAAQAVCpqdqu_P____8BYMmOxo30pNAZyAEBqgQfT9DIjwnIoEDBKKrYlj3sHFve3
8oJfTviWqd3oZAnYYAHsOzQKpAHAQ&sig=AOD64_0g6b-
foiOAhpgsfTUhLst6AcwAyw&rct=j&q=www.match.com&ved=0CC0Q0Qw&adurl=http://www.jdoqocy.com/click-5343315-
10591139

http://www.google.com/aclk?sa=L&ai=C5Ow41_jXUsmYJOGh6QHh-
4DIDvqkrpoEqqefzXvd7dWvBwgAEAIoA1DW8anY_f____8BYMmOxo30pNAZyAEBqgQfT9CZIXMhzkYp2n9glfqwRqckd6Fe
VjQQfHWUXk8k_YAHyriJLpAHAQ&sig=AOD64_2tR91FEy4N5Zys3HDDbHrKYLQohw&rct=j&q=glasses+usa&ved=0CDwQ
0Qw&adurl=http://thecoupon.co/merchant/shopperschoice%3Fwfcid%3Da4acb272-47bb-0199-9721-d93817100400

http://www.google.com/aclk?sa=L&ai=C57GlSl8CU9f-
BsLKswfkyoHgB7WTzvcEjeuryHKK4YrDKggAEAIoA1DE78CRAmDJzvqGyKPgGsgBAaoEIE_Qgl9mgOODjexxhp_DN38ae-
hW2hg3xi1_ZNbbkWHWgAeVneAukAcB&sig=AOD64_2j7N1X7rzacRT4SR57r4DwgY0cfg&rct=j&q=personalabs&ved=0CDM
Q0Qw&adurl=http://labscouponcodes.weebly.com/

http://www.google.com/aclk?sa=L&ai=Cb8f84AQjU7yMOfTIsQfNzICoBuvY3fMHy_XPp4cB3ufW0REIABABUNamnO77 wFgyYaAgICAyBTIAQGqBCRP0J6EqWAK9UJIgt3O8TyXnv5s7zboVDsMBAyDJIdVDerBwz2AB5u9jzeQBwM&sig=AOD64_3 ve5idSKfIgibvSvcqdWstHlw6Sg&rct=j&q=ShortOrder.com&ved=0CCYQ0Qw&adurl=http://1.ad83.net/www.shortorder.com%3Fu tm_source%3Dgoogle%26utm_medium%3Dcpc%26utm_campaign%3Dejdu73d%26utm_term%3D3jsn7gheui%26utm_content%3 Dsje7h49

FILED

2014 APR -2 PM 1:56

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WICKFIRE, LLC.                      §
                                    §
            Plaintiff,              §
                                    §
v.                                  §       CA NO. 1:14-CV-34 SS
                                    §
TRIMAX MEDIA, INC.                  §
                                    §       JURY DEMAND
            Defendant.              §

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff Wickfire, LLC and Defendant TriMax Media, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing an appropriate designation ("CONFIDENTIAL, "RESTRICTED – OUTSIDE ATTORNEYS' EYES

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") on such document, information or material. The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. In the instance that a Party wishes to designate Protected Material produced in native form, the Party can designate such Protected Material by placing "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED - CONFIDENTIAL SOURCE CODE" in the file name of the Protected Material. For depositions and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

2. Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE

governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e. "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" OR "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

---

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent. Each designated representative shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix B;

(d) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f) the Court and its personnel.

-4-

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f).

10.   For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).    The stand-alone computer(s) may be connected to a printer.  Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)   Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit,

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Source Code Material produced according to this paragraph shall not be made computer executable without prior written consent of the producing Party;

(h)     The receiving Party shall print only such portions as are reasonably necessary for the purposes for which the Source Code Material is printed at that time from the standalone computer onto pre-printed bates labeled paper that bears the legend "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving Party shall maintain a log of all such files that are printed;

(i)     Should such printouts be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order.

11.     Any outside attorney representing a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE

MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the disclosed field of technology on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced

-8-

documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to

DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties or Parties may designate as "CONFIDENTIAL" OR "RESTRICTED – OUTSIDE

-11-

ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties or Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation nor potential violation with the opposing party and has been unable to resolve the matter by agreement may move

the Court for such relief as may be appropriate in the circumstance. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of an/or shall not undertake the further performance of any action alleged to constitute a violation of the Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.


It is SO ORDERED this _2nd_ day of _April_, 2014.


_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WICKFIRE, LLC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CA NO. 1:14-CV-34 SS |
| | § | |
| TRIMAX MEDIA, INC. | § | |
| | § | JURY DEMAND |
| Defendant. | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____ .

My current employer is _____ .

My current occupation is _____ .

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my

possession, and all documents and things that I have prepared relating thereto, to the

outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **WICKFIRE, LLC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CA NO. 1:14-CV-34 SS |
| | § | |
| **TRIMAX MEDIA, INC.** | § | |
| | § | **JURY DEMAND** |
| **Defendant.** | § | |

**APPENDIX B**
**UNDERTAKING OF DESIGNATED REPRESENTATIVES REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____ .

My current employer is _____ .

My current occupation is _____ .

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL" that is disclosed to me.

4.    Promptly upon termination of this Action, termination of this Action with respect to a specific Defendant or upon termination of my participation in this Action, I will return all documents and things designated as "CONFIDENTIAL" that came into my possession,

-3-

and all documents and things that I have prepared relating thereto, to the outside counsel
for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of
the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____