FILED

2014 AUG 15 PM 1:39

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WICKFIRE, LLC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:14-CV-34 |
| TRIMAX MEDIA, INC. | § § | JURY DEMAND |
| Defendant. | § | |

## UNOPPOSED PLAINTIFF WICKFIRE, LLC'S MOTION TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Western District of Texas Local Rule CV-7, Plaintiff WickFire, LLC ("WickFire") hereby moves for leave to file its First Amended Complaint, attached as **Exhibit A**. A redline comparison between Plaintiffs' Original Complaint and its proposed First Amended Complaint is attached as **Exhibit B**.

WickFire has conferred with the sole currently named Defendant, TriMax Media, Inc. ("TriMax"), and TriMax does not oppose this Motion or the relief requested herein.

In support of its Motion, Plaintiffs would respectfully show the Court as follows:

1. WickFire seeks leave to file its First Amended Complaint to add a certain unknown party and/or parties as Defendant(s), referred to in the First Amended Complaint as "JOHN DOE(s)." This Defendant(s) is one or more persons or entities whose true name, identity, and capacities is unknown to WickFire, but who has directed intentional conduct at WickFire and caused WickFire harm, as described in detail in the First Amended Complaint and briefly discussed below.

2. Rule 15(a) instructs that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). To wit, motions to amend "ordinarily should be granted absent some justification for refusal." *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) (citation omitted). Motions for leave should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed or undue prejudice to the opposing party by virtue of the allowance of the amendment. *See Whitley*, 726 F.3d at 648. The facts briefly discussed below reveal there is no undue delay, bad faith or dilatory motive on the part of the movant or other reason to deny WickFire's Motion.

3. On January 13, 2014, WickFire filed its Original Complaint [Dkt. No.1].

4. On April 3, 2014, the Court issued its Scheduling Order, which provides that "[t]he parties shall file all amended or supplemental pleadings and shall join additional parties by August 15, 2014." [Dkt. No. 13].

5. During discovery, WickFire subpoenaed Google requesting documents related to Google's inquiry into click fraud and fake WickFire advertisements which are the subject of this suit placed online through a Google AdWords account by an unknown party. Although WickFire suspects the account is affiliated with TriMax, TriMax has denied the allegation.

6. One or more JOHN DOE(s) learned that Google would be producing information related to JOHN DOE's Google AdWords account by providing documents in response to WickFire's subpoena.

7. On July 3, 2014, one such JOHN DOE filed a Motion to Quash WickFire's subpoena to Google in the Western District of Texas by and through its counsel. [Dkt. No. 16]. In violation of Local Rule CV-7(i), neither JOHN DOE nor its counsel attempted to confer with

counsel for WickFire prior to filing the Motion to Quash. Further, JOHN DOE did not so much as articulate a basis for filing its motion anonymously.

8.  With respect to its identity, JOHN DOE merely stated in its July 3 Motion to Quash that it is "not a party to this lawsuit." As set forth in WickFire's Response to the Motion to Quash [Dkt. No. 19], this does not provide a legal basis for the concealing JOHN DOE's identify or shielding the discovery of documents or information concerning JOHN DOE's Google AdWords account. JOHN DOE subsequently supplemented the Motion to Quash asserting additional baseless grounds to conceal his or her identity or identities.

9.  During subsequent discussions with JOHN DOE's counsel concerning JOHN DOE's Motion to Quash, WickFire's counsel asked whether JOHN DOE was related to or affiliated with TriMax in any manner.

10.  ***JOHN DOE's counsel refused to answer this simple question.***

11.  Thus, while JOHN DOE's Motion to Quash is without merit and Google should be allowed to produce documents and provide information enabling WickFire to discover JOHN DOE(s)' identity, as of the date of filing, JOHN DOE(s)' identity remains unknown.

12.  To the extent that one or more JOHN DOE(s) is not related to or affiliated with TriMax; does not act or has not acted as TriMax's agent, servant, contractor, employee, or subsidiary; does not act or has not acted according to TriMax's direction or control; and/or does not act or has not acted within the course and scope of his agency, service, employment, or direction, JOHN DOE(s) is liable for the causes of action set forth in WickFire's First Amended Complaint.

13.  However, on information and belief, and alternatively, the one or more JOHN DOE(s) is or was related to or affiliated with TriMax; acts or acted as TriMax's agent, servant,

contractor, employee, or subsidiary; acts or acted according to TriMax's direction or control; and/or acts or acted within the course and scope of his agency, service, employment, or direction. JOHN DOE(s) and TriMax are thus jointly, severally, and concurrently liable and responsible for the causes of action set forth in WickFire's First Amended Complaint.

14. Accordingly, WickFire has good cause to file its First Amended Complaint.

15. Further, this is WickFire's first attempt to amend its complaint and there has been no undue delay in seeking to name this third party and/or third parties — JOHN DOE's effort to conceal his or her identity and/or identities was first made by way of the July 3, 2014 Motion to Quash. Although counsel for WickFire has asked JOHN DOE(s)' counsel for additional information, JOHN DOE(s)' counsel has refused to provide such information. And WickFire's Motion is unopposed and being made prior to the deadline set by the Court's Scheduling Order.

16. Finally, when the true identity of JOHN DOE(s) is determined, WickFire intends to seek additional leave to amend its complaint to provide such information and any related and relevant information that is then discovered.

17. Plaintiffs, therefore, request this Court grant WickFire's Motion for Leave to File its First Amended Complaint.

Dated: August 15, 2014                    Respectfully submitted,

                                          By: _____
                                          Edward A. Cavazos (Texas Bar No. 00787223)
                                          Brian Nash (Texas Bar No. 24051103)
                                          Bracewell & Giuliani, LLP
                                          111 Congress Ave, Suite 2300
                                          Austin, Texas 78701
                                          Telephone: (512) 494-3633
                                          Facsimile (800) 404-3970
                                          edward.cavazos@bgllp.com
                                          brian.nash@bgllp.com

                                          *Counsel for Plaintiff,*
                                          *WickFire, LLC*

## CERTIFICATE OF CONFERENCE

I certify that counsel for the parties met and conferred in good faith over the issues raised by this Motion and counsel for TriMax indicated it was not opposed to the relief requested herein.

Dated: August 15, 2014

_____
Brian Nash

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 15, 2014. Also the counsel below are being served via electronic mail.

    Gwen E. Bhella
    John A. Price
    CALHOUN BHELLA & SECHREST LLP
    325 N. Saint Paul St., Suite 3950
    Dallas, Texas 75201
    Telephone: (214) 981-9200
    Facsimile: (214) 981-9203
    ATTORNEYS FOR DEFENDANT
    TRIMAX MEDIA, INC.

*Attorneys For Plaintiff TriMax Media, Inc.*

_____
Brian Nash