IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WICKFIRE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:14-cv-00034 (SS) |
| vs. | § | |
| | § | |
| TRIMAX MEDIA, INC., LAURA | § | JURY DEMANDED |
| WOODRUFF, WREI, INC., and JOSH | § | |
| WEST, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## THIRD PARTY DEFENDANTS' MOTION TO DISMISS THE TRIMAX PARTIES' AMENDED THIRD PARTY CLAIMS

### INTRODUCTION

In their most recent pleading, Defendants Laura Woodruff, WREI, Inc., and Josh West (the "New Defendants") have attempted to assert third party claims against WickFire's two founders, Chet Hall and Jon Brown. Prior to now, Mr. Hall and Mr. Brown have never been individual defendants in this lawsuit. Because they had not yet been served, Mr. Hall and Mr. Brown did not join WickFire's prior motion to dismiss, which was filed on April 2, 2015 and is currently pending before this Court. Mr. Hall and Mr. Brown were served last week, and now join in WickFire's Motion to Dismiss for the reasons discussed therein. (*See* Dkt. #101.) The individual claims against Mr. Hall and Mr. Brown fail for the same reasons that WickFire has already briefed in its Motion to Dismiss.

Furthermore, the claims against Mr. Hall and Mr. Brown should be dismissed for an additional reason: the New Defendants failed to seek leave to add new parties after the Court's scheduling order deadline had passed.  The Court's Scheduling Order (Dkt. #13) required any additional parties to be joined by August 15, 2014.  And yet on March 19, 2015, more than *seven months* after the deadline in the Scheduling Order, the New Defendants filed a Third Party Complaint against two non-parties, Chet Hall and Jon Brown.  Evidencing complete disregard for the Court's Scheduling Order, the New Defendants did not even seek leave from this Court before attempting to unilaterally join two additional parties to this lawsuit.  Nor did the New Defendants make any attempt to demonstrate, under the relevant Fifth Circuit standard, good cause for adding new parties *fifteen months into this case* and after the scheduling order deadline.

 TriMax has been aware of Mr. Hall and Mr. Brown's identities since the earliest days of this lawsuit.  TriMax's original Answer, filed in February 2014, specifically named Chet Hall in the "Facts" it alleged in its Counterclaim, yet did not seek to add Mr. Hall as a party. (Dkt. #6 at ¶15.)  Rather, more than a year later and seven months after the Court's deadline to add new parties had passed, the New Defendants attempted to unilaterally join Mr. Hall and Mr. Brown to this case through third party claims.  And they did so without first seeking permission from the Court.

As discussed extensively in WickFire's Motion to Dismiss, the New Defendants' Counterclaims should be dismissed on substantive grounds.  The Third Party Claims against Mr. Hall and Mr. Brown suffer from these same deficiencies, and Mr. Hall and Mr. Brown respectfully refer the Court to WickFire's brief for a discussion of those arguments.  But the Court need not delve into these substantive issues to dismiss the New Defendants' claims against Mr. Hall and Mr. Brown.  These claims can be dismissed because the New Defendants failed to obey the Court's

scheduling order or to show good cause under Rule 16(b) to justify disregarding the Court's deadline. Therefore, all claims against Mr. Hall and Mr. Brown should be dismissed.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a Scheduling Order may be modified "only for good cause and with the judge's consent." *See* Fed. R. C. P. 16(b)(4).

## ARGUMENT

**A.   The New Defendants Failed to Demonstrate Good Cause or Seek the Court's Consent Before Unilaterally Adding Two New Parties to This Lawsuit Seven Months After the Court's Scheduling Order Deadline Passed.**

After the Court's scheduling order deadline has passed, a party must demonstrate good cause to modify the scheduling order in order to be allowed to add new claims or parties.[1] Under Federal Rule of Civil Procedure 16(b), a scheduling order may only be modified "for good cause and with the judge's consent." But here, the Defendants here did not establish good cause *or* seek the Court's consent before unilaterally adding two new parties to this case.

In considering whether "good cause" has been established under Rule 16(b), the Fifth Circuit has instructed trial courts to consider the following factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The New Defendants have not established even one of the four factors articulated by the Fifth Circuit. They offered no explanation whatsoever for their failure to timely move for leave to amend (indeed, their failure to move *at all* for leave to amend). They have not presented the Court with any support

---

[1]   This is a different—and substantially higher—hurdle than the usual standard under Rule 15(a), under which "leave to amend shall be freely given when justice so requires."

for the importance of the amendment.  Nor have they discussed the potential prejudice to either side or the pending trial date, which is only six months away.

Other courts in the Western District of Texas have denied motions for leave to amend to add new parties after the Scheduling Order deadline has passed.  *See Smith v. BCE Inc.*, 2005 U.S. Dist. LEXIS 13499, *6 (W.D. Tex. June 10, 2005) (denying leave to amend five months after the scheduling order deadline had passed and two weeks before the summary judgment deadline); *Washington v. JP Morgan Chase*, 2013 U.S. Dist. LEXIS 22735, *38 (W.D. Tex. Feb. 20, 2013) (denying motion to amend on timeliness grounds and on the merits four months after the scheduling order deadline passed and where it did not cite any newly discovered evidence).

As the Court may remember, WickFire added the New Defendants to this case last November.  However, before doing so, WickFire moved the Court for leave to amend its pleading, recognizing that the Scheduling Order deadline had passed.  WickFire learned of the identity of the New Defendants after an unnamed "John Doe" (conveniently represented by the same law firm as TriMax) filed a Motion to Quash WickFire's third party subpoena to Google.  After this Court denied the John Doe motion, Google produced detailed information about the click fraud and fake WickFire advertisements that are the subject of this lawsuit.  Based on the newly discovered information that was revealed in Google's production, WickFire moved for leave to amend its pleading to include the New Defendants.  WickFire's amendment was fundamentally different from what the New Defendants have attempted to do here.  First, WickFire properly moved the Court for permission before amending its pleading.  Second, WickFire demonstrated ***new information*** revealed in discovery which established good cause for adding parties at this stage of the case.  Finding that the requested amendment was justified, the Court granted WickFire's motion for leave to amend in November 2014.  (Dkt. #48.)

Here, the New Defendants have made no such efforts. Nor could they. Even if the New Defendants had sought permission to amend—which they failed to do—the identities of Mr. Hall and Mr. Brown are not new information. Chet Hall was named in the "Facts" section of TriMax's Original Answer and Counterclaim, filed over fourteen months ago. TriMax was aware of Mr. Hall's identity at that point, but did not seek to add Mr. Hall or Mr. Brown as parties then. There is simply no justification for Defendants' failure to add these parties before the Scheduling Order deadline.

This case is scheduled for trial in October, only six months from now. In the past fifteen months since filing this lawsuit, WickFire has made repeated, good faith efforts to move this case toward trial. When new information revealed the identities of the New Defendants, WickFire promptly moved for leave to include them in this case, which the Court granted. But this attempt by Defendants to add new parties to this case six months before trial—without any regard for the proper procedures or for the Court's deadlines—is merely another of TriMax's frivolous and procedurally deficient litigation tactics. For the reasons described herein, Mr. Hall and Mr. Brown respectfully request that the Court grant their Motion to Dismiss.

**B.     Because The New Defendants Failed to Obey the Court's Scheduling Order, the Court Should Dismiss All Claims Against Mr. Brown and Mr. Hall and Award Any Other Relief Appropriate Under Rule 37.**

The Court has "broad discretion" to enforce its scheduling order.[2] The Federal Rules of Civil procedure specifically authorize the Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *See* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37, if a party or its attorney

---

[2]   *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'").

5

. . . fails to obey a scheduling or other pretrial order.") As such, because the New Defendants failed to obey the Court's Scheduling Order, the Court should dismiss the claims against Mr. Hall and Mr. Brown and issue any further sanctions the Court feels are warranted by this behavior.

## CONCLUSION

For the foregoing reasons, as well as for the reasons outlined in the Motion to Dismiss filed by WickFire LLC on April 2, 2015, Third Party Defendants Chet Hall and Jon Brown respectfully requests that the Court grant their motion to dismiss and award any other relief the Court deems appropriate.

Dated: April 17, 2015

Respectfully submitted,

**ATLAS LAW PLLC**

*/s/ Katharine M. Atlas*

Katharine M. Atlas
Texas Bar No. 24080777
2525 Robinhood Street
Houston, Texas 77005
Telephone: (713) 561-5544
Facsimile: (832) 201-9874
katlas@atlastriallaw.com

**DENKO COBURN LAUFF LLP**

Bradley Coburn (Texas Bar No. 24036377)
Sherri A. Wilson (Texas Bar No. 24075291)
3811 Bee Cave Road, Suite 204
Austin, Texas 78746
Telephone: (512) 906-2074
Facsimile (512) 906-2075
coburn@dcllegal.com
wilson@dcllegal.com

*Attorneys for Plaintiff WickFire, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 17, 2015, a true and correct copy of the foregoing document was filed electronically using the Court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

                                           */s/ Katharine M. Atlas*
                                           Katharine M. Atlas