1          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF TEXAS
2                AUSTIN DIVISION

3  WICKFIRE, LLC              ) Docket No. A 14-CA-034 SS
                              )
4  vs.                       ) Austin, Texas
                              )
5  TRIMAX MEDIA, INC., ET AL  ) June 10, 2015

6

7          TRANSCRIPT OF MOTION HEARING
        BEFORE THE HONORABLE SAM SPARKS

8  APPEARANCES:

9  For the Plaintiff:        Mr. Bradley D. Coburn
   **(Telephonically)**       Denko, Coburn & Lauff
10                            3811 Bee Cave Road, Suite 204
                              Austin, Texas 78746
11
   **(Telephonically)**       Ms. Katharine M. Atlas
12                            Atlas Law, PLLC
                              2525 Robinhood Street
13                            Houston, Texas 77005

14 **(Telephonically)**       Mr. Brian C. Nash
                              Pillsbury, Winthrop, Shaw, Pittman
15                            111 Congress Avenue, Suite 400
                              Austin, Texas 78701
16

17 For the Defendant:        Ms. Sara A. Brown
   **(Telephonically)**       Mr. Peter S. Vogel
18                            Gardere, Wynne & Sewell
                              1601 Elm Street, Suite 3000
19                            Dallas, Texas 785201

20 Court Reporter:           Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
21                            Austin, Texas 78701
                              (512)391-8792
22

23

24

25 Proceedings reported by computerized stenography, transcript
   produced by computer.

| | | |
|---|---|---|
| 09:31:23 | 1 | THE COURT: All right. This is 14-CA-34, WickFire, |
| 09:31:28 | 2 | LLC, et al, and I have the plaintiff, multiple defendants, |
| 09:31:36 | 3 | third-party defendants, third-party complaints, 12 lawyers, only |
| 09:31:42 | 4 | two smart that want out. |
| 09:31:46 | 5 | So let's make your announcements. |
| 09:31:53 | 6 | MR. COBURN: Your Honor, Bradley Coburn on behalf of |
| 09:31:55 | 7 | Plaintiff WickFire. |
| 09:31:56 | 8 | MS. ATLAS: Katharine Atlas on behalf of Plaintiff |
| 09:31:59 | 9 | WickFire. |
| 09:32:00 | 10 | MR. NASH: Hi, your Honor. This is Brian Nash on |
| 09:32:02 | 11 | behalf of WickFire. |
| 09:32:05 | 12 | MR. VOGEL: Your Honor, Peter Vogel on behalf of the |
| 09:32:09 | 13 | Defendants TriMax and the other new defendants. |
| 09:32:14 | 14 | MS. BROWN: And Sara Brown on behalf of TriMax and the |
| 09:32:16 | 15 | TriMax-related parties, for Woodruff, Josh West and WREI. |
| 09:32:26 | 16 | THE COURT: Okay. I have pending WickFire's motion to |
| 09:32:29 | 17 | dismiss the amended counterclaims and third-party claims. The |
| 09:32:34 | 18 | third-party defendant's motion to dismiss TriMax parties' amended |
| 09:32:38 | 19 | third-party claim, the defendant's motion to extend scheduling |
| 09:32:42 | 20 | order deadlines, the defendant's motion to expedite the motion to |
| 09:32:48 | 21 | amend scheduling order deadlines, and TriMax's motion to withdraw |
| 09:32:53 | 22 | as counsel Bhella and Price. |
| 09:33:00 | 23 | So as I picked up the three volumes of pleadings in |
| 09:33:07 | 24 | this case, I looked first at the scheduling order, which was |
| 09:33:10 | 25 | meaningless because it took 13 months to get issued in this case, |

09:33:16  1  which should have indicated to me that there's something wrong

09:33:20  2  here with the parties and/or counsel.  I've already entered a

09:33:26  3  blistering order in this case about the history of this case,

09:33:30  4  and, yet, there's no improvement.  And this case presently is set

09:33:35  5  on my docket for trial on, specifically, the month of, I think,

09:33:50  6  September, but let's find out for sure.

09:33:52  7           LAW CLERK:  October.

09:33:55  8           MS. BROWN:  Your Honor, I -- this is Sara Brown.

09:33:57  9           I don't know if anyone else is having the same trouble

09:33:59  10  hearing you as what I am.  But I have a hard time understanding

09:34:05  11  you.

09:34:05  12          THE COURT:  All right.  Well, it's set for October.  I

09:34:09  13  have a large docket, as I've tried to tell you.  I have extremely

09:34:19  14  complex patent cases, and the patent lawyers now since 1991 know

09:34:24  15  that instead of a three-week trial or a four-week trial, they

09:34:28  16  have to try the case in six days, Monday through Thursday,

09:34:32  17  Monday, Tuesday with the case going to the jury on Thursday.  And

09:34:45  18  no civil case, no civil case, I emphasize it, no civil case,

09:34:47  19  including antitrust, security cases, products liability, you name

09:34:57  20  it, gets more than nine hours a side.  That means four full days

09:35:01  21  of trial.  That's all.

09:35:02  22          I don't know what the heck y'all are doing when you're

09:35:05  23  not going to get even nine hours of trial.  This case doesn't

09:35:08  24  deserve nine hours of trial.  I've got complex criminal case set

09:35:17  25  for October.  I don't know if I will get anybody to assist me.

09:35:22 1  This docket, according to the national Federal Circuit in

09:35:31 2  Washington, was supposed to have five judges, we still have two.

09:35:38 3  I don't think the Congress is going to give me any assistance to

09:35:42 4  take some of these cases, although Judge Pitman is trying to help

09:35:46 5  on the civil docket out of San Antonio.

09:35:53 6           So I made it clear since 1991, when I took this case --

09:35:57 7  this docket and saw how it was, so that you know, for the first

09:36:05 8  three years, all motions were heard on Saturdays because we had

09:36:10 9  so many cases.  And the cases had backed up forever.  It took us

09:36:16 10 about five-and-a-half years to get a docket to where we could try

09:36:20 11 cases within a twelve-month period.  And that went out some time

09:36:28 12 ago because every year, we've got more and more and more cases.

09:36:35 13          So when I get a case, I expect the lawyers not only to

09:36:40 14 be competent but to work together for the opportunity of trying

09:36:45 15 the case, and that did not occur in this case, notwithstanding my

09:36:50 16 oral words and notwithstanding my written words, which are part

09:36:54 17 of the record.

09:36:56 18          And now we come to beginning.  I've got WickFire's

09:37:01 19 motion to dismiss.  I've got the third-party's motion to dismiss.

09:37:09 20 All having to do with pleadings that should have been completed

09:37:13 21 in this case -- I don't know.  I don't know how to judge it

09:37:20 22 because I couldn't even get any answer in this case for 13

09:37:24 23 months.  The case was filed in January of '14, and it took

09:37:31 24 forever with motions -- I've already entered an order in there

09:37:36 25 how many motions for extensions that they have.

09:37:38  1          And that's a problem with the docket.  We have so many

09:37:43  2   cases that motions for extensions are automatically granted on

09:37:49  3   the basis that they're genuine and there's a reason for it.

09:37:55  4   Otherwise, you wouldn't have had a year from January to January

09:37:59  5   before you had a complaint.  I don't remember if it's the third

09:38:03  6   amended complaint or the fourth amended complaint.  And finally,

09:38:07  7   I just decided I'm going to join issue and see what this case is

09:38:12  8   about.  And we're still in the pleadings stage.

09:38:18  9          So I've gotten pounds of paper in this file.  There's

09:38:23  10  no way in the world you're going to be ready to try this case in

09:38:26  11  October.  I'm set through April of 2017, as we sit here.  So I

09:38:36  12  thought we'd have a little powwow and see what can be done.

09:38:41  13         I've chastised the lawyers for their nonprofessional

09:38:45  14  comments in pleadings.  I don't know what else to do except what

09:38:50  15  I've done on several occasions.  I don't know what the cloud is,

09:38:54  16  but occasionally, I will put a case in the cloud -- because I'm

09:38:58  17  not going to worry about it anymore -- and it can stay there

09:39:01  18  forever.  And this looks like it is perfect for that disposition.

09:39:10  19         Now, I have a counterclaim that is alleging RICO.

09:39:28  20  Other than criminal indictments alleging RICO, every RICO claim

09:39:33  21  made since '91 in this court and in my partners' court, Judge

09:39:43  22  Nowlin, and then, Judge Yeakel, have ended in one way, and that

09:39:46  23  is sanctions against the pleader.  And I'm going to enter today a

09:39:53  24  little questionnaire that will take somebody three or four days

09:39:59  25  just to answer the questionnaire with regard to RICO, which I

09:40:03  1  will then make the basis of knocking it out at a pleading stage

09:40:07  2  or putting an order in that if it doesn't turn out, the other

09:40:11  3  side will get attorney's fees.

09:40:15  4          So that's my message.  So let's -- in comments like

09:40:21  5  that, Mr. Coburn, you have the honor of going first and tell me

09:40:27  6  what is wrong with this case, how you can't get it to trial in

09:40:32  7  one year and eight months.

09:40:36  8          MR. COBURN:  Your Honor, thank you.  This is Bradley

09:40:39  9  Coburn.

09:40:39  10          We are -- WickFire's absolutely ready to go to trial.

09:40:42  11  We have served our opening expert reports.  We've taken the major

09:40:45  12  party deposition in the last week.  We have almost, I think, more

09:40:49  13  than seven depositions already on the schedule to finish up the

09:40:53  14  discovery period.  We are -- be ready to move into trial

09:40:56  15  preparation later this summer.

09:40:58  16          So speaking on behalf of WickFire, we are absolutely

09:41:01  17  ready.  This has always for us been a fairly narrow case.  Only

09:41:04  18  recently, after we added the new defendants following the fight

09:41:08  19  over the motion to quash with Google was -- has RICO and Sherman

09:41:14  20  antitrust claims, which we consider to be baseless, and, as well,

09:41:17  21  we filed the motion to dismiss.

09:41:19  22          Only with that wrinkle has this case gotten more

09:41:22  23  complicated.  But that's not at WickFire's doing; and WickFire

09:41:26  24  doesn't believe that it's appropriate for those claims to have

09:41:29  25  been asserted.

09:41:29  1      THE COURT:  Well, WickFire made the new parties and has

09:41:35  2  objections to their amended counterclaim.  You had objections

09:41:39  3  first and now a motion to dismiss the third-party claims.  That

09:41:46  4  doesn't sound like you're ready.  Okay.

09:41:48  5      Mr. Golden -- or, excuse me, Mr. Vogel, I guess.

09:41:53  6      MR. VOGEL:  Your Honor, this is Peter Vogel on behalf

09:41:55  7  of TriMax --

09:41:56  8      THE COURT:  Okay, Mr. Vogel.

09:41:58  9      MR. VOGEL:  -- Josh West and WREI.

09:42:01  10      I guess the point to start with is the fact that you

09:42:04  11  identified Mr. Golden and asked for him to comment first.

09:42:09  12  Unfortunately, as we've pointed out in our motion to continue,

09:42:12  13  Mr. Golden had to leave our firm for a family emergency and is

09:42:18  14  out for at least the next 90 days.  He was lead counsel on this

09:42:22  15  case.  I was involved in the case until January, and trying to

09:42:26  16  get back up-to-speed at this point is obviously a serious

09:42:30  17  problem.

09:42:30  18      But to respond to what Mr. Coburn said about being

09:42:34  19  ready, I don't think that's very factually correct.  One

09:42:39  20  deposition has been taken on each side so far.  There are 17

09:42:43  21  depositions that are scheduled for this month.  As a matter of

09:42:47  22  fact, WickFire issued last week -- I'm sorry, in this -- during

09:42:53  23  this week, new subpoenas to third parties to get evidence.  I

09:42:58  24  don't think we're ready.

09:42:59  25      We asked for 90 days.  We're not asking for two years

09:43:02 1  to extend it beyond a reasonable length of time. We just think

09:43:07 2  that in order to be ready to try the case and to complete all the

09:43:10 3  evidence and all the -- so that we can have the, you know, the

09:43:14 4  case presented properly to the Court.

09:43:16 5        They -- as you point out, Judge, WickFire amended this

09:43:20 6  complaint. They brought in three new defendants. They didn't

09:43:23 7  file their third amended complaint until February. And as you

09:43:28 8  pointed out, there are motions to dismiss that are pending.

09:43:32 9        So we don't think that this is going to be ready for

09:43:35 10  trial. And we think it is in the best interest of your time and

09:43:41 11  of the management of your docket that we get an additional 90

09:43:45 12  days, and we push this off from the October setting that we

09:43:49 13  currently have. I mean, as I point out, we've only had one

09:43:53 14  deposition of each party taken so far. And it's hard for me to

09:43:56 15  imagine we could possibly have a trial in October if only two

09:44:00 16  witnesses have been deposed out of 17.

09:44:03 17        We are still getting evidence in support of expert --

09:44:08 18  the expert reports were due on June 1st. We have not still

09:44:12 19  gotten all the evidence in support of the arguments that were

09:44:14 20  made. So we are trying to do that in order to even have the

09:44:18 21  rebuttal reports that we intend to issue on the 16th. So I do

09:44:24 22  not think that either party is going to be ready, your Honor.

09:44:28 23        And I think it's important to take into account that we

09:44:30 24  are not trying to delay this, but there are circumstances with

09:44:34 25  this number of parties and the amount of discovery that is yet to

09:44:38  1   be concluded.  And I think it's unrealistic.

09:44:41  2          THE COURT:  Well, you really have two parties.  You've

09:44:45  3   got 12 lawyers.  But you just have two parties, and that's

09:44:49  4   WickFire and its principals and TriMax and WREI.  It shouldn't be

09:44:59  5   a complex case and why 12 lawyers can't produce more than two

09:45:05  6   depositions in a year and six months defies imagination.  I mean,

09:45:15  7   this case isn't ready.

09:45:17  8          MR. VOGEL:  Your Honor --

09:45:17  9          THE COURT:  Y'all have taken -- you've just taken too

09:45:20 10   much -- your clients dislike each other.  And the lawyers, with

09:45:24 11   the exception of Mr. Vogel -- you haven't been involved, but I'm

09:45:27 12   sure when you picked up the file, you saw the lawyers have been

09:45:31 13   following suit, just making catty remarks against each other and

09:45:35 14   filing page after page after page out of pleadings that really

09:45:39 15   don't have anything to do with it.  My staff doesn't have time to

09:45:42 16   read it and I don't, either.

09:45:44 17          That's the reason I've come down on this case.  But I

09:45:50 18   don't know what to do with you.  This case isn't going to go to

09:45:54 19   trial in October.  I know it, you know it and -- but I don't know

09:45:58 20   what to do with it because I could put it off two years.  I have

09:46:03 21   cases set, as I've said, already into 2017.  So it doesn't hurt

09:46:08 22   me to put it off two years.  As a matter of fact, it's a good

09:46:11 23   year:  I'm going to be 76 years old.  That means somebody else

09:46:13 24   will have to determine what in the hell to do with this case.

09:46:17 25          But by that time, you may be through.  You may have

09:46:20   1    completed the motions to dismiss on all of the pleadings.  But if

09:46:28   2    I judge the history as to what happened, you're only going to

09:46:31   3    have two more depositions.  So I don't know what to -- I don't

09:46:34   4    know what to tell you.  And this is not an easy case.

09:46:37   5           MR. COBURN:  Your Honor, this is Bradley Coburn.

09:46:39   6           THE COURT:  Yeah.

09:46:39   7           MR. COBURN:  Mr. Vogel may be speaking for his side.

09:46:42   8    But wickFire is prepared.  We do not think this is a complicated

09:46:45   9    case.  It's been made artificially complicated by some of the

09:46:48  10    claims that have been asserted on the other side.  But it's not

09:46:51  11    unusual at all to have a very busy last month of discovery

09:46:54  12    period, and that's what we've been counting on and relying on.

09:46:57  13           And just yesterday, we got a notification from another

09:47:00  14    vendor about one of these fake advertisements that's been hurting

09:47:03  15    our business and we just -- we want to get this resolved, and

09:47:06  16    we're prepared to get this resolved in October.  And that's as

09:47:10  17    forthright as I can be about that.

09:47:11  18           You know, we've countered on the Court's statements

09:47:14  19    over and over again that we need to be ready by October 2015, and

09:47:17  20    we've prepared accordingly.  And that's where WickFire's --

09:47:21  21           THE COURT:  And when --

09:47:24  22           MR. COBURN:  I'm sorry, sir.

09:47:25  23           THE COURT:  When did you bring in Woodruff and West?

09:47:28  24           MR. COBURN:  Well, we wanted to do it about a year ago,

09:47:31  25    but based on the motion to quash, which delayed our finding out

09:47:34  1  that -- giving us a Rule 11 basis for adding these defendants,

09:47:39  2  you know, that delayed everything until fall of last year.  And

09:47:42  3  then, there was a fight obviously over the sufficiency of the

09:47:45  4  pleadings, but it's no surprise.  I mean, none of those issues

09:47:48  5  from our side are new.

09:47:49  6          And there's complete symmetry between the issues that

09:47:54  7  affect TriMax as an entity and the additional defendants that

09:47:57  8  have come in because their liability is just based on the fact

09:48:00  9  that they're principals for those entities.  So it doesn't change

09:48:03  10  the fact scenario.  It doesn't change the legal arguments.  And

09:48:06  11  it's not any kind of surprise.

09:48:08  12          The only change here has been the assertion of

09:48:10  13  antitrust and RICO claims, and that's from the other side.

09:48:15  14          MR. VOGEL:  Your Honor, this is Peter Vogel.  I'd like

09:48:17  15  to respond.

09:48:18  16          I don't think that Mr. Coburn is being -- is sharing

09:48:23  17  this in the right light, and that is, there has been 43-some-odd

09:48:27  18  subpoenas issued to third parties.  And I know, Judge, that

09:48:30  19  generally when you have trials, the subpoenas are -- there aren't

09:48:34  20  that many subpoenas sent to third parties, and that makes this

09:48:37  21  much more complicated to start with.

09:48:39  22          And then, second, the parties, as you've already

09:48:42  23  identified, the parties have been jockeying with one another with

09:48:48  24  regards to whether the third parties have produced all the

09:48:50  25  documents and -- there have been motions filed in your court to

09:48:54  1  compel.  Actually, we have a motion to compel in Washington state

09:48:58  2  for third-party subpoena right now.  It's ripe and we're waiting

09:49:02  3  to hear on that.

09:49:03  4      So I think that this is an unusual case in terms of the

09:49:06  5  discovery.  I don't think the trial will be that unusual.  But if

09:49:09  6  all the evidence was in the possession of the parties, that would

09:49:12  7  be one thing.  It's not.  It's in possession of more than 33

09:49:15  8  different third parties.  But I think that that is -- elongated

09:49:20  9  this.

09:49:20  10      THE COURT:  What are the --

09:49:21  11      MR. COBURN:  Your Honor, with the exception of four

09:49:23  12  subpoenas, with the exception of four of those subpoenas, you

09:49:26  13  know, the rest of them are all from the other side.

09:49:30  14      And the same thing with discovery requests that have

09:49:32  15  only, you know, recently been served on our side and that's --

09:49:35  16  you know, that puts us in a strange spot of because of the delay

09:49:39  17  in making those discovery requests, our October 2015 trial

09:49:44  18  setting is jeopardized as the harm is ongoing, which we recently

09:49:47  19  learned -- I mean, we learned of yesterday, which is a surprise

09:49:50  20  to us.  We thought this had subsided and it hasn't.

09:49:54  21      MS. BROWN:  Bradley, a couple of things.  This is Sara

09:49:58  22  speaking.  I'm the -- on TriMax's side.

09:50:01  23      I'm most familiar with the evidence.  And I think that

09:50:05  24  you're under-representing the number of subpoenas -- third-party

09:50:08  25  subpoenas that you've issued.  I can think of ten just off the

09:50:12  1  top of my head.  And so --

09:50:15  2          MR. COBURN:  Which we've already got responses to.

09:50:18  3  They're not outstanding.  We've got responses to them.

09:50:20  4          MR. VOGEL:  But, Judge, this is Peter Vogel.

09:50:22  5          I think that what seems to be completely disingenuous

09:50:28  6  about what Mr. Coburn is saying is, if they were so ready, they

09:50:31  7  would have taken all eight or 10 of their depositions before

09:50:34  8  today.  They've taken one deposition last Friday.  It was the

09:50:37  9  first one they've taken in the entire case.  If they were so

09:50:40 10  ready, they would have done all the depositions already and

09:50:43 11  they're not -- we're not ready for it.

09:50:45 12          MR. COBURN:  Your Honor, the other side just produced

09:50:47 13  50,000 documents two days ago.  We've been waiting for documents

09:50:50 14  to take these depositions.  The holdup has not been our

09:50:52 15  willingness to take them.  It's been getting the documents from

09:50:54 16  the other side.  And the only reason I think we got them finally

09:50:58 17  is because the discovery period that's finally winding down.

09:51:00 18          The deadlines are doing what they're intended to do,

09:51:03 19  which is to focus the parties in March towards a resolution.  And

09:51:06 20  WickFire's concern that if we push things off another two

09:51:09 21  years -- I mean, the request for three months, as the Court has

09:51:12 22  said, is, in effect, a request to push things to 2017; and if we

09:51:15 23  do that, you know, then we're back where we are in this fuzzy

09:51:18 24  area where there's no real pressure to comply with deadlines.

09:51:22 25  And WickFire is sort of trapped in sand again.

09:51:25  1          So that's WickFire's perspective.

09:51:27  2          THE COURT:  That's the worst statement I think I've

09:51:29  3  heard in 52 years of practicing law when you say there's no

09:51:32  4  reason to comply with fuzzy guidelines when it's an order from a

09:51:38  5  United States District Judge.  Maybe I've heard --

09:51:43  6          MR. COBURN:  I agree, your Honor.  I'm not saying that

09:51:45  7  I don't believe that there is, but it seems to have focused the

09:51:47  8  information that we've gotten from the other side.  I apologize.

09:51:50  9  I don't mean to imply in any way that there's no duty to respond.

09:51:54 10  It's just, as a practical matter, it seems like we've gotten a

09:51:57 11  lot more information as these deadlines have come close.

09:52:00 12          THE COURT:  You know, your first trial date was last

09:52:04 13  year.

09:52:08 14          Now, did it ever occur to you, either side, to sit down

09:52:15 15  and professionally work out the scheduling order so that you

09:52:23 16  wouldn't be here and the pleadings?  You know, the cases that are

09:52:27 17  set between now and the next time that I can make a setting,

09:52:33 18  that's what the lawyers do.  They know what the Austin docket is.

09:52:36 19  They sit there and they work hard.  Maybe it took them one case

09:52:41 20  to learn.  I don't have any discovery motions.  It's less than

09:52:49 21  five percent on the Austin docket.  It was 60-something percent

09:52:56 22  when I came here in '91 and that's -- I didn't take this job for

09:53:00 23  discovery.

09:53:02 24          Discovery issues are the mark of incompetent lawyers,

09:53:05 25  with the exception of privilege and when they can't get along

09:53:14 1  with an agreement to give me a in-chambers view and I can crank

09:53:20 2  it out pretty quick.  Y'all are still just arguing and blaming

09:53:26 3  each other.  You haven't made any progress at all that I could

09:53:30 4  see.  But let's briefly -- I've got a bunch of lawyers sitting

09:53:36 5  here listening to all of this, and their cases are coming up.

09:53:41 6          So, let's see, on the amended counterclaims and

09:53:47 7  third-party claims, what is it that you don't understand they're

09:53:50 8  suing you for?  I can read it and I know what they're suing you

09:53:54 9  for.

09:53:59 10         MS. ATLAS:  Judge, this is Katharine Atlas on behalf of

09:54:01 11 WickFire.

09:54:02 12         On the amended counterclaims and third-party claims, we

09:54:04 13 think that they have come nowhere close to alleging viable

09:54:08 14 pleadings under RICO and the antitrust laws.  WickFire is a

09:54:12 15 small, Austin-based business, and has now been accused of both

09:54:15 16 criminal conduct under the wire fraud statute as a predicate act

09:54:19 17 under RICO and an antitrust violation.

09:54:23 18         And, Judge, their counterclaims and third-party claims

09:54:28 19 are certainly voluminous, but they are lacking on almost every

09:54:32 20 substantive ground and, also, are lacking for basic Article III

09:54:37 21 standing.  They're asserted by parties that are not TriMax; and

09:54:40 22 that is because they have been asserted extremely late in the

09:54:44 23 game, more than approximately a year and a half into this

09:54:47 24 litigation.

09:54:49 25         And the harm that they're complaining about is harm

09:54:50  1  that was done to the business, not to the business's owner

09:54:54  2  individually.  The business's owner's nephew and to a separate

09:54:57  3  corporate entity.

09:54:59  4          THE COURT:  Well, they're in the case because at the

09:55:02  5  last minute, after at least three, maybe four amended complaints,

09:55:06  6  you sued those two people, Woodruff and West.  So they, under the

09:55:13  7  Old Testament law, sued your principals back.  That's why they're

09:55:17  8  in the case.  I don't know they're in the case or not.  I expect

09:55:21  9  it's the principals.  I expect both of them are corporations in

09:55:29  10  their representative capacity.  I don't have any idea.

09:55:31  11          But that's something that the two of you could have

09:55:33  12  discussed and decided over a cup of coffee or a cup of hot tea,

09:55:40  13  without giving me five pounds of paper.  I'm entering a

09:55:45  14  questionnaire today, and I've given the warning today that

09:55:48  15  anybody that makes the allegations under RICO in a civil case

09:55:54  16  better be good because I will make them pay every cent of the

09:56:00  17  attorney's fees of the opponent when they can't prove it up.  And

09:56:05  18  I've not had one prove it up in the 24 years I've been here, and

09:56:12  19  neither has Judge Nowlin or Judge Yeakel.

09:56:17  20          I'm sure that there are some civil RICO cases.  I've

09:56:20  21  tried multiple RICO cases in the criminal section, but very

09:56:27  22  rarely does -- and I've seen it alleged, but by the time we get

09:56:33  23  to trial, it's been eliminated one way or the other.  So, you

09:56:37  24  know, that's where we are.

09:56:42  25          Right now, I've got the third-party defendant's motion

| | | |
|---|---|---|
| 09:56:44 | 1 | to dismiss TriMax's amended.  That's the same thing you're |
| 09:56:50 | 2 | talking about.  So you've got WickFire's motion and third party |
| 09:56:53 | 3 | there.  They're identical, are they not, Ms. Atlas? |
| 09:56:59 | 4 | MS. ATLAS:  Judge, they are -- they do overlap quite a |
| 09:57:01 | 5 | bit on substantive grounds.  However, it is worth noting that on |
| 09:57:05 | 6 | behalf of our principals, there was a scheduling order deadline |
| 09:57:08 | 7 | that the new defendants did not comply with.  They were required |
| 09:57:13 | 8 | to show good cause in order to add new parties this late in the |
| 09:57:18 | 9 | game.  When WickFire wanted to add three new parties, based on |
| 09:57:21 | 10 | the results of a Google subpoena, we did seek leave from the |
| 09:57:23 | 11 | Court and were, in fact, granted leave.  The new defendants did |
| 09:57:27 | 12 | not bother to ask the Court for permission before doing -- |
| 09:57:30 | 13 | THE COURT:  Okay.  All right.  Enough.  I can't take |
| 09:57:33 | 14 | anymore crap.  Y'all get a weekend.  Get a couple of pistols and |
| 09:57:42 | 15 | go out and shoot each other.  Turn off the thing.  I'm through. |
| | 16 | (End of proceedings.) |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

```
1                      *  *  *  *  *  *

2

3

4    UNITED STATES DISTRICT COURT)

5    WESTERN DISTRICT OF TEXAS    )

6

7       I, LILY I. REZNIK, Official Court Reporter, United States

8    District Court, Western District of Texas, do certify that the

9    foregoing is a correct transcript from the record of proceedings

10   in the above-entitled matter.

11      I certify that the transcript fees and format comply with

12   those prescribed by the Court and Judicial Conference of the

13   United States.

14      WITNESS MY OFFICIAL HAND this the 3rd day of July, 2015.

15

16

17                               /s/Lily I. Reznik
                                 LILY I. REZNIK, CRR, RMR
18                               Official Court Reporter
                                 United States District Court
19                               Austin Division
                                 501 W. 5th Street, Suite 4153
20                               Austin, Texas 78701
                                 (512)391-8792
21                               Certification No. 4481
                                 Expires:  12-31-16
22

23

24

25
```