IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2016 JUN 15  PM 1: 19

BY_____ AD

WICKFIRE, LLC,

                Plaintiff,

-vs-                                                      Case No.  A-14-CA-34-SS

TRIMAX MEDIA, INC. *et al.*,

                Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the seven discovery-related motions presently pending, all of which were filed within the last month and are visible on the 35-page docket sheet associated with this cause and attached to this order as Exhibit A.  On June 10, 2016, the Court held a brief conference with the parties regarding discovery, and now enters the following confirming its oral pronouncements.

On January 13, 2014, now nearly two and a half years ago, Plaintiff WickFire, LLC first filed this beleaguered action in this Court. *See* Compl. [#1].  Defendant TriMax Media, Inc., then the sole defendant, answered the complaint and counterclaimed on March 10, 2014.  *See* Answer & Countercls. [#6].  Shortly thereafter, the parties jointly moved for entry of a protective order, which the Court entered on April 2, 2014.  *See* Protective Order [#12].

On April 3, 2014, the Court entered the first scheduling order in this case.  *See* Scheduling Order [#13].  Under the first scheduling order, amended pleadings were due by August 15, 2014, with discovery by October 31, 2014, and dispositive motions on or before November 14, 2014. *Id.* Trial was set for October 2015. *Id.*



Nothing of consequence occurred in the case until three months later, when, on July 3, 2014, "John Doe, a non-party" filed a Motion to Quash Subpoena asking the Court to quash a subpoena addressed to Google, Inc. *See* Mot. Quash [#16]. The Court set the motion for hearing on August 1, 2014, *see* Order of July 16, 2014 [#21], but the Court granted a continuance of the hearing at the parties' request, *see* Order of July 30, 2014 [#25]. The Court later denied the motion to quash without hearing, as WickFire amended its original subpoena request with more narrowly tailored instructions. *See* Order of Aug. 27, 2014 [#32].

On August 15, 2014, the date amended pleadings were due under the scheduling order, WickFire filed an unnecessary motion for leave to file an amended complaint. *See* Mot. Leave [#26]. The Court granted the unnecessary motion, and on August 27, 2014, WickFire filed its First Amended Complaint, adding "one or more John Doe(s)" as defendants. *See* First Am. Compl. [#29].

One month later and nine months after this case was filed, on September 22, 2014, WickFire and TriMax filed a Joint Motion to Stay asking the Court to stay all deadlines in the scheduling order other than the trial setting. *See* Joint Mot. Stay [#35]. In the motion, the parties represented that although they had been "diligent[l]y pursuing discovery," the addition of John Doe to the case and "the likely discovery that will be required of JOHN DOE and the discovery that JOHN DOE itself may seek" necessitated the stay. *Id.* ¶¶ 3, 8. The Court granted the motion on September 23, 2014, and ordered the parties to submit a revised proposed scheduling order on or before October 22, 2014. *See* Order of Sept. 23, 2014 [#36].

Under the revised scheduling order, which the Court entered on October 27, 2014, the parties extended their disclosure, discovery, and dispositive motion dates by another nine months; discovery

was set to close on June 30, 2015, with dispositives due July 14, 2015. *See* Am. Scheduling Order [#40].

On October 23, 2014, WickFire moved for leave to file its Second Amended Complaint, as the deadline for amendments had long since passed. *See* Mot. Leave [#39]. In its proposed Second Amended Complaint, WickFire added Laura Woodruff, TriMax's CEO, WREI, Inc., and Josh West as defendants. TriMax opposed the motion on grounds the addition of Woodruff was improper (but not the addition of WREI or West, two of the John Does whose information was implicated in the Google subpoena), and the Court set the case for hearing to take place on November 12, 2014. *See* Order of Nov. 3, 2014 [#43]. During hearing, WickFire represented Woodruff was also implicated by the information obtained via the Google subpoena, and the Court granted the motion to amend. *See* Order of Nov. 13, 2014 [#48].

After seeking an extension of time to respond to the Second Amended Complaint, Woodruff, WREI, and West filed a motion to dismiss, while TriMax answered and counterclaimed. *See* New Defs.' Mot. Dismiss [#62]; TriMax Answer & Reurged Countercls. [#63]. WickFire subsequently filed a motion for extension of time to respond to the motion to dismiss, and on December 23, 2014, the Court entered an order directing WickFire to respond to the motion to dismiss, denying all further extensions of time in futuro, and noting:

> This case is an example of failure to have any diligence in complying with the Federal Rules of Civil Procedure, this Court's orders or the simple prosecution and development of a case. . . . [A] hearing was held on November 21, 2014, where the undersigned could easily see this case was not proceeding and the lawyers were apparently having problems in communication . . . . [i]t has been a complete year into this cases and no substantial movement toward trial or any following of the scheduling order. . . . [O]ne year and the issues are not joined. This is simply absurd.

Order of Dec. 23, 2014 [#65].

The Court held a hearing on the motion to dismiss the Second Amended Complaint on January 29, 2015, and subsequently granted in part and denied in part the motion to dismiss and ordered WickFire to file a third amended complaint satisfying *Twombly* and *Iqbal* within fourteen days. *See* Order of Jan. 29, 2015 [#76]. WickFire filed its Third Amended Complaint on February 12, 2015, dropping "one or more John Doe(s)" from the defendants sued. *See* Third Am. Compl. [#78, sealed]. On February 26, 2015, TriMax filed its answer and reasserted counterclaims, and in three separate pleadings, WREI, West, and Woodruff answered and filed counterclaims of their own against WickFire and its principals, Jonathan Brown and Chester Hall. *See* TriMax Answer & Countercls. [#82]; WREI & West Answer [#83]; Woodruff Answer [#84]; Woodruff, West, & WREI Countercls. [#85, filed Feb. 27, 2015].

Discovery problems reared on March 13, 2015, when the defendants filed their Motion to Remove Improper Designations and for Attorney's Fees and Costs, arguing WickFire "intentionally designated every single one of the documents it has produced in this case—nearly 5,000—as Attorney's Eyes Only, even though they clearly are not." Mot. Remove [#88]. The Court set yet another hearing, which was held on April 10, 2015. Based on the parties' representations at hearing, the Court dismissed the motion. *See* Order of Apr. 17, 2014 [#106].

Meanwhile, on March 19, 2015, the defendants filed their 121-page "Amended Counterclaims and Third-Party Claims." *See* Am. Countercls. & Third-Party Cls. [#90]. WickFire moved to dismiss the Amended Counterclaims and Third-Party Claims on April 2, 2015, and Brown and Hall followed suit on April 17, 2015. *See* WickFire's Mot. Dismiss [#101]; Brown & Hall's Mot. Dismiss [#107]. Various additional motions followed, including, most tellingly, the

defendants' May 26, 2015 Motion to Amend the Scheduling Order [#114] and complimentary

Motion for Expedited Consideration of Motion to Amend Scheduling Order [#115].  Following a

telephone conference, the Court entered an order vacating the scheduling order and dismissing

Woodruff, WREI, and West's RICO and Sherman Act counterclaims. *See* Order of June 10, 2015

[#123].  In that order, the Court explained:

> At hearing it became clear the parties are not ready for trial, which is presently set to
> take place in October 2015. . . .  While discovery is set to close in less than three
> weeks, it was revealed that each side has taken but a single deposition, and further,
> that there are thirty-three third-party subpoenas presently outstanding. . . . The Court
> chastised the parties for their failure to move this case forward [in its December 23,
> 2014 order] and denied all motions for extension of time in futuro.  It has been six
> months since the Court entered that order, and with less than four months to go until
> trial, the lay of the land is no better.

*Id.* That same day, the Court entered an entirely new scheduling order setting discovery to close on

October 3, 2016, requiring dispositive motions on or before December 2, 2016, and scheduling trial

for February 2017, among the other dates reset. *See* June 10, 2015 Scheduling Order [#125].

The Court pauses to note there remains a full year to go before we reach the present day.

On June 26, 2015, the defendants moved for leave to file their "Omnibus Counterclaims

against the Wickfire Parties," a slim volume at only 268 pages. *See* Mot. Leave [#127].  As the

defendants had the right to file their amended pleading under the new scheduling order, on July 8,

2015, the Court dismissed the motion for leave, noting in its order that "this case is quickly

becoming one of the most appropriate examples on how not to practice law." Order of July 8, 2015

[#132].

On July 8, 2015, the defendants filed their "omnibus" counterclaims. *See* Omnibus

Countercls. [##133, 127 (exhibits thereto)].  On July 22, 2015, WickFire, Brown, and Hall filed a

"Partial Motion to Dismiss" seeking dismissal of the defendants' Sherman Act counterclaim, then filed another motion to dismiss amending their original motion. *See* Partial Mot. Dismiss [#135]; Am. Partial Mot. Dismiss [#140]. WickFire then filed yet another amended complaint on October 5, 2015, *see* Fourth Am. Compl. [#143], which prompted a fresh round of answers and an 172-page set of amended counterclaims from the defendants. *See* Woodruff's Answer [#144]; "West Parties'" Answer [#145]; TriMax's Answer [#146]; "The TriMax Parties' Reasserted Counterclaims" [#147]. Those fresh filings, of course, mooted the pending motion to dismiss, so WickFire filed a new one on November 2, 2015. *See* Partial Mot. Dismiss Reasserted Countercl. [#148].

Not to be outdone, the defendants filed yet another iteration of their counterclaims—"The TriMax Parties' Amended Counterclaims"—on November 30, 2015. *See* Am. Countercls. [#151, sealed]. Both a partial motion to dismiss and a motion to strike portions of the counterclaims followed. *See* Partial Mot. Dismiss [#153]; Mot. Strike [#152]. By sealed order dated January 5, 2016, the court granted the motion to strike, noting that "any first-year lawyer would know" the challenged allegations in the counterclaims "will not be admissible and should never have been pleaded." Order of Jan. 5, 2016 [#160, sealed]. The Court further stated that the defendants' inclusion of other challenged allegations in their counterclaims was "wholly irresponsible" and noted appropriate sanctions would be considered at the conclusion of the lawsuit.[1] *Id.*

As for the pending partial motion to dismiss the counterclaims, the defendants responded by informing the Court they would shortly be filing yet another iteration of their counterclaims, once again mooting the pending motion to dismiss. *See* Order of Jan. 5, 2016 [#162]. Calling this litigation "a mess" rife with "case management problems," the Court ordered that after the

_____

[1] Should that day, of course, ever arrive.

defendants filed their forthcoming pleading, no further counterclaim pleadings would be permitted. *Id.*

Thus, on January 7, 2016, two years after this lawsuit was filed, the defendants filed their presently operative counterclaims. *See* Countercls. [#164]. WickFire, Brown, and Hall filed a motion to dismiss the Sherman Act and unfair competition counterclaims on January 13, 2016. *See* Mot. Dismiss [#165]. The Court granted the motion to dismiss on March 24, 2016. *See* Order of Mar. 24, 2016 [#24].

While the motion for partial dismissal of the counterclaims remained pending, on February 1, 2016, counsel for the defendants moved to withdraw from the case. *See* Opposed Mot. Withdraw [#170]. The Court held a status conference on February 5, 2016, at which the defendants represented they were looking for new counsel but had not yet retained new attorneys. The Court ordered the defendants to obtain substitute counsel by 1:00 P.M. on February 11, 2016, set another status conference for February 12, 2016, and ordered Woodruff and West to appear in person at the conference. *See* Order of Feb. 5, 2016 [#176]. Following the February 12 conference, the Court granted the motion to withdraw. *See* Order of Feb. 12, 2016 [#185]. One hopes former counsel for the defendants has now found peace.

The evening before the February 12 status conference, WickFire, Brown, and Hall filed a Motion to Compel the production of various documents, *see* Mot. Compel. [#182], which the defendants, of course, opposed. The Court set a hearing for April 7, 2016; the day after the Court announced the setting, WickFire filed another discovery motion seeking a protective order concerning some 500,000 pages of documents WickFire did not wish to de-designate. *See* Mot. Protective Order [#197].

Following the April 7, 2016 hearing, the Court dismissed the pending Motion to Compel and Motion for Protective Order, explaining "[i]t became apparent at hearing . . . that neither side has made a reasonable, concerted effort ot resolve the remaining pending discovery issues[,]" reminding the parties of their discovery obligations, and threatening sanctions for failure to cooperate in discovery. *See* Order of Apr. 7, 2016 [#207].

From early May through the present, the parties have filed the following additional discovery motions:

- TriMax's Opposed Motion to Compel Review of Source Code as Set Forth in Agreed Protective Order [#208, 34 pages];

- TriMax's Opposed Motion for Leave to Take Limited Deposition of Jon Brown [#209, 24 pages];

- WickFire's Amended Motion to Compel [#213, 35 pages];

- WickFire's Motion to Amend the Protective Order [#222, 21 pages];

- TriMax's Opposed Motion to Clarify Agreed Protective Order [#223, 83 pages];

- and several motions to seal and for leave to file.

These motions remain pending.

As the Court announced during a very brief conference with the parties on June 10, 2016, discovery in this case is now closed. The Court will not be engaging with any of the discovery-related motions delineated above, nor will the Court entertain any further motions of this nature. The parties in this action have had two and a half years to take their discovery and resolve their issues in an expedient and professional manner. They have failed to do so. Based upon the utterly abysmal track record of the litigants in this case, the Court fully expects that were discovery to continue, further discovery problems and disputes of all manner would continue to proliferate. Further

bickering will inevitably cause more delay and perhaps jeopardize the February 2017 trial setting, the second in this procedural nightmare. The Court's responsible management of one of the heaviest weighted dockets in the United States requires putting an end to this. This case, which has monopolized the Court's time to a degree wholly disproportionate to its importance, will not remain pending on this docket for six years.

IT IS SO ORDERED.

SIGNED this the ___14___ day of June 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE