# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| WICKFIRE, LLC, §<br>    *Plaintiff* §<br> §<br>v. §<br> §<br>TRIMAX MEDIA, INC.; §<br>LAURA WOODRUFF; WREI, INC.; §<br>and JOSH WEST, §<br>    *Defendants* § | Case No. 1:14-CV-00034-RP |

## ORDER

Before the Court are TriMax's Opposed Motion to Disqualify Katharine Hall (Dkt. 422) and TriMax's Opposed Motion to Conduct Limited Discovery Regarding Protective Order Violations (Dkt. 423), both filed May 14, 2021; TriMax's Objections to Declaration of Katharine Atlas, filed July 14, 2021 (Dkt. 431); and the associated response and reply briefs. The District Court referred the motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Local Rules).

## I. Background

Wickfire, L.L.C. and TriMax Media, L.L.C. are competitors in the pay-for-performance search engine marketing business, a form of internet marketing.[1] After a series of disputes, Wickfire filed suit against TriMax Media, owner Laura Woodruff, director of business development Josh West, and WREI, a company owned by West (collectively, TriMax). TriMax filed counterclaims against Wickfire and its cofounders, Jonathan Brown and Chet Hall.

---

[1] The facts are taken from *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 347-48 (5th Cir. 2021).

1

On February 2, 2017, the jury returned a verdict in favor of Wickfire, awarding it a total of $2,318,000 in damages and denying TriMax's counterclaim. Dkt. 372. On TriMax's appeal, the Fifth Circuit reversed the District Court's judgment as to Wickfire's tortious interference and civil conspiracy claims, affirmed in all other respects, and remanded for further proceedings. *Wickfire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 359 (5th Cir. 2021).

TriMax now asks the court to (1) disqualify Katharine Atlas[2] from serving as counsel for Wickfire; (2) order discovery relating to alleged violations of the Court's Protective Order by Wickfire; and (3) strike a declaration Atlas submitted in response to the motion for disqualification. Wickfire opposes the motions.

## II.  Legal Standards

Disqualification is "a severe sanction." *Spears v. McCraw*, 2020 WL 589538, at *2 (W.D. Tex. Feb. 5, 2020) (citing *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995)). To warrant disqualification, there must be a showing of a reasonable possibility that some specifically identifiable impropriety occurred. *Church of Scientology of Cal. v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980). "The party seeking to disqualify an attorney bears the burden of proving that disqualification is warranted, and that burden is heavy." *Myart v. Frost Bank*, No. SA-19-CV-00753-OLG, 2020 WL 33599, at *8 (W.D. Tex. Jan. 2, 2020).

Motions to disqualify are substantive in nature and thus are decided under federal law. *Asgaard Funding LLC v. ReynoldsStrong LLC*, 426 F. Supp. 3d 292, 296 (N.D. Tex. 2019). "When considering motions to disqualify, courts should first look to the local rules promulgated by the local court itself." *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009) (internal quotation marks omitted). Courts consult the following ethical canons in determining whether to

---

[2] As noted *infra*, Atlas married defendant Chet Hall after trial of this case, and TriMax refers to her as Katharine Hall.

disqualify counsel: (1) the Local Rules; (2) the American Bar Association's Model Rules of Professional Conduct; and (3) the Texas Disciplinary Rules of Professional Conduct. *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 60 F. Supp. 3d 751, 758-59 (W.D. Tex. 2014).

To reopen discovery, TriMax must show good cause pursuant to Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

### III. Analysis

TriMax seeks to disqualify Atlas due to her alleged mishandling of documents it produced designated under the Court's Protective Order as restricted to review by outside attorneys (Attorneys' Eyes Only, or AEO). Dkt. 12 ¶¶ 5, 9.

Atlas was retained as outside counsel for Wickfire in February 2015. Declaration of Katharine Atlas, Dkt. 427-2 ¶ 3.[3] In 2017, after trial of this case, she began working for Wickfire as Chief Strategy Officer and General Counsel, then as Chief Operating Officer. *Id.* ¶¶ 2, 11. In addition, Atlas states that "after the trial, I fell in love with one of Wickfire's founders, Chet Hall. We are now married and have a two-year-old son." *Id.* ¶ 12. TriMax asserts: "As of the time Ms. Hall took a position as Chief Strategy Officer and in-house General Counsel of Wickfire—by definition—she began violating the Protective Order with respect to AEO information." Dkt. 422 at 9.

In her declaration (Dkt. 427-2), Atlas states in part as follows:

> 5. I always abided by the Protective Order . . . . I properly filed a motion to de-designate the hundreds of thousands of pages of documents TriMax improperly designated as AEO. When Judge Sparks declined to rule on that motion, I maintained confidentiality for these documents as they were designated. We have repeatedly assured opposing counsel that this is the case.
>
> 6. After the trial, I destroyed any AEO documents that were still in my possession.

---

[3] The Court **OVERRULES** TriMax's conclusory objections to the declaration of Katharine Atlas and **DENIES** its motion to strike the declaration (Dkt. 431).

7. Any of TriMax's AEO documents that were retained are in the possession of [Wickfire outside counsel] Susman Godfrey.

8. I have not shared any AEO documents with anyone at Wickfire or used them for any purpose whatsoever after the trial.

9. I had no continuing access to AEO documents after the trial ended and have not viewed any of TriMax's AEO documents since the trial.

In view of Atlas's averments to the Court, TriMax does not meet its heavy burden to prove that disqualification is warranted. *See Myart*, 2020 WL 33599, at *8. Instead of showing "a reasonable possibility that some specifically identifiable impropriety occurred," *Church of Scientology*, 615 F.2d at 693, TriMax offers only speculation, based primarily on Atlas's post-trial employment and relationship with Chet Hall. For example, TriMax submits that "it is unrealistic to believe Ms. Hall has not already shared or would not eventually share TriMax's AEO information with the CEO of Wickfire, who is also Ms. Hall's husband and father of one of her children," Dkt. 422 at 10, and that Wickfire's "refusal to answer basic questions" and "cavalier attitude further suggests Protective Order violations." Dkt. 430 at 7, 9. TriMax also states that, "immediately after TriMax first shared its AEO merchant information with Ms. Hall, TriMax began experiencing exponentially higher costs through fraudulent bids in auctions and fraudulent clicks on TriMax's ads." Dkt. 430 at 12. In support, TriMax cites the Declaration of Josh West, founder and CEO of WREI, Dkt. 422-1. The declaration and exhibits indicate that costs per click for three entities rose in either May or December 2015, but TriMax identifies no evidence that such cost increases are associated with Atlas or her handling of TriMax's AEO information.

TriMax has not shown "a reasonable possibility that some specifically identifiable impropriety occurred" and thus has failed to meet its burden to disqualify Atlas. For the same reason, TriMax also has failed to show good cause to reopen discovery.

4

## IV.  Order

Based on the foregoing, TriMax's Opposed Motion to Disqualify Katharine Hall (Dkt. 422), TriMax's Opposed Motion to Conduct Limited Discovery Regarding Protective Order Violations (Dkt. 423), and TriMax's Objections to Declaration of Katharine Atlas (Dkt. 431) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 7, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE