# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WICKFIRE, LLC, | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 1:14-CV-00034-RP |
| | § | |
| TRIMAX MEDIA, INC.; | § | |
| LAURA WOODRUFF; WREI, INC.; | § | |
| and JOSH WEST, | § | |
|     *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ROBERT PITMAN[1]**
      **UNITED STATES DISTRICT JUDGE**

Before the Court are Wickfire's Renewed and Amended Motion for Attorneys' Fees and Costs, filed May 14, 2021 (Dkt. 424); TriMax's Response in Opposition to Wickfire's Motion for Fees, Costs, and Sanctions, filed June 11, 2021 (Dkt. 426); and Wickfire's Reply, filed July 14, 2021 (Dkt. 432). On November 5, 2021, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Local Rules).

### I. Background

Wickfire, L.L.C. and TriMax Media, L.L.C. are competitors in the pay-for-performance search engine marketing business, a form of internet marketing. *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 347 (5th Cir. 2021). After a series of disputes, Wickfire filed

---

[1] This case was reassigned from the Honorable Sam Sparks on August 12, 2020, while appeal was pending. Dkt. 414.

suit against TriMax Media, owner Laura Woodruff, director of business development Josh West, and WREI, a company owned by West (collectively, TriMax). *Id.* at 348. WickFire asserted a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1117(a), as well as claims of tortious interference with existing contracts, tortious interference with prospective economic relationships, and civil conspiracy under Texas law. *Id.* TriMax asserted state-law counterclaims of tortious interference with existing contracts against Wickfire and its cofounders, Jonathan Brown and Chet Hall. *Id*.

On February 2, 2017, the jury returned a verdict in favor of Wickfire, awarding it a total of $2,318,000 in damages and denying TriMax's counterclaim. Dkt. 372.

> With respect to WickFire's Lanham Act claim, the jury found that TriMax "misrepresent[ed] [WickFire] as the source of advertisements by placing advertisements containing identifying information distinctive of [WickFire] in a manner that was likely to cause confusion," but it did not award any damages. The jury also found that TriMax Media, Woodruff, West, and WREI were all "part of a conspiracy that damaged [WickFire]." With respect to TriMax's claim for tortious interference with existing contracts, the jury found that WickFire, Hall, and Brown "intentionally interfere[d] with one or more of TriMax's contracts" but "ha[d] a colorable right to" do so.

*WickFire*, 989 F.3d at 349. The District Court entered judgment in accordance with the jury's verdict. Dkt. 372.

On appeal, TriMax argued that it was entitled to judgment as a matter of law on each of Wickfire's claims. The Fifth Circuit did not reach Wickfire's Lanham Act claim, holding:

> As to the Lanham Act claim, ***we need not decide whether the evidence offered was sufficient as a matter of law***. The judgment in this case, although acknowledging that TriMax had violated § 43(a) of the Act, did not award WickFire damages as to this claim. Consequently, any argument that WickFire offered insufficient evidence regarding this claim is moot. ***Nor does the fact that WickFire seeks attorney fees under the Lanham Act affect this conclusion.*** It is true that the Lanham Act permits, under certain circumstances, district courts to award "reasonable attorney fees to

> the *prevailing party*." But as we recently noted in *Alliance for Good Government v. Coalition for Better Government*, "a prevailing party [for Lanham Act purposes] is 'a party in whose favor judgment is rendered' or 'one who has been awarded some relief by the court.'" ***Here, the jury found that there were no damages, and WickFire therefore cannot be a prevailing party under the Lanham Act.*** We need not consider TriMax's contentions that the evidence as to WickFire's Lanham Act claim was insufficient as a matter of law.

*Id.* at 353 (emphasis added) (footnotes omitted). The Fifth Circuit reversed the District Court's judgment as to Wickfire's tortious interference claims, holding that they failed as a matter of law due to insufficient evidence. *Id.* at 356-58. Because each of WickFire's underlying claims failed, the Fifth Circuit also reversed judgment as to the derivative tort of civil conspiracy. *Id.* at 358. The court affirmed the judgment that TriMax take nothing on its counterclaim for tortious interference with existing contracts and remanded for further proceedings. *Id.* at 359.

In its instant renewed motion for attorneys' fees and costs,[2] Wickfire seeks an award of $159,100 in costs of the action and $243,000 in attorneys' fees for defending TriMax's counterclaims under RICO and the Sherman Act, for a total award of $402,100, "based on Defendants' frivolous claims and malicious conduct." Dkt. 424 at 1. TriMax argues in response that Wickfire is not entitled to fees or costs. The Court agrees with TriMax and therefore recommends that the District Court deny Wickfire's Motion.

## II. Analysis

### A. Lanham Act

Under the American Rule: "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 577 U.S. 121, 126 (2015) (citation omitted). Lanham Act Section 43(a) is such a statute, providing that the court may

---

[2] Wickfire filed a Motion for Attorneys' Fees and Costs on April 6, 2017, which the District Court mooted on March 25, 2021. Dkts. 375, 418.

3

award to prevailing parties costs and, in "exceptional cases," reasonable attorney fees. *Id.*; *Alameda Films SA de CV v. Authors Rights Restoration Corp.*, 331 F.3d 472, 484 (5th Cir. 2003).

The Fifth Circuit has made abundantly clear that Wickfire "cannot be a prevailing party under the Lanham Act." *WickFire*, 989 F.3d at 353. Undeterred, Wickfire argues that "the Fifth Circuit's instruction was dicta," Dkt. 432 at 2, and that this "qualifies as an exceptional case" meriting a fee award, Dkt. 424 at 3.

The undersigned Magistrate Judge does not read the Fifth Circuit's conclusion that Wickfire "cannot be a prevailing party under the Lanham Act" as dicta. Rather, the court's holding was necessary to its determination that TriMax's appeal of Wickfire's Lanham Act claim was moot, notwithstanding Wickfire's fee request. *See* STEVEN H. GIFIS, BARRON'S LAW DICTIONARY 135 (3d ed. 1991) (defining "dictum" as "a statement, remark, or observation in a judicial opinion not necessary for the decision of the case"). Consistent with the Fifth Circuit's decision, Wickfire is not entitled to an award of fees or costs because it did not prevail on its Lanham Act claim.

### B. Court's Inherent Power

Because a fee award under the Lanham Act is foreclosed, the Court considers whether Wickfire has established an alternative basis for an award "based on Defendants' frivolous claims and malicious conduct." Dkt. 424 at 1. Wickfire states that it requests "only the attorneys' fees it spent defending against" TriMax's antitrust and RICO counterclaims, *id.* at 2, which the District Court dismissed, *see* Dkts. 132, 198; Wickfire's cost request does not appear to be so limited.

Wickfire relies not on Rule 11, but on the Court's "inherent power to award fees and costs when a litigant's bad-faith conduct supports it." Dkt. 432 at 1 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 274 (5th Cir. 2021)). Wickfire contends that "TriMax engaged in litigation abuse and the jury recognized unanimously that TriMax, Laura Woodruff, and Josh West acted with [ ] actual malice or gross negligence."

4

Dkt. 432 at 2. "So regardless whether the Lanham Act is not the precise vehicle for a fee award, the Court should recognize the costs, burden, and harm imposed by Defendants—and the jury's definitive statement that TriMax's leaders acted in bad faith—and award fees and costs." *Id.* at 4. TriMax responds that sanctions "are not appropriate merely because a party asserted claims that ultimately did not succeed." Dkt. 426 at 14.

"The narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 865 (5th Cir. 2021) (cleaned up). Clear and convincing evidence must support a court's finding of bad faith or willful abuse of the judicial process. *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014). Because "inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

The undersigned Magistrate Judge finds that Wickfire has not established by clear and convincing evidence that TriMax engaged in bad faith conduct or willful abuse of the judicial process in filing its RICO and antitrust claims. The Court recognizes that, on January 5, 2016, the District Court stated that appropriate sanctions would be considered at the conclusion of the case – not for TriMax's assertion of RICO and antitrust claims, but for its "wholly irresponsible" inclusion of information concerning the mental state and death of a non-party in a pleading. Dkt. 160 (sealed) at 1. As TriMax points out, counsel who made the improper filing were replaced a month after the Court's Order. *See* Dkts. 176-77, 426 at 16 n.8.

Beyond the "irresponsible" pleading, the docket as a whole shows that the parties share the blame for excessive costs and delay. An order Wickfire cites conveys the District Court's view not just of TriMax's litigation tactics, but also of Wickfire's own:

5

> The parties in this action have had two and a half years to take their discovery and resolve their issues in an expedient and professional manner. They have failed to do so. Based upon the utterly abysmal track record of the litigants in this case, the Court fully expects that were discovery to continue, further discovery problems and disputes of all manner would continue to proliferate. Further bickering will inevitably cause more delay and perhaps jeopardize the February 2017 trial setting, the second in this procedural nightmare. The Court's responsible management of one of the heaviest weighted dockets in the United States requires putting an end to this. This case, which has monopolized the Court's time to a degree wholly disproportionate to its importance, will not remain pending on this docket for six years.[3]

Dkt. 230 at 8-9 (June 14, 2016); *see also, e.g.*, Dkt. 371 at 21 (March 23, 2017) ("Although Defendants share in the blame for delays in this case, it is the 'utterly abysmal track record' of *both* parties that contributed to the beleaguered nature of this action."); Dkt. 162 at 1-2 (January 5, 2016) ("The five files in this case of pleadings grossly exaggerates the significance of this case. The parties [ ] obviously are competitors with principals who clearly do not like each other, an atmosphere which now appears to contaminate counsel, resulting in just what has to be referred to as a 'mess.'"); Dkt. 132 at 2 (July 8, 2015) (stating that "this case is quickly becoming one of the most appropriate examples on how not to practice law").

Based on the parties' briefs and the record as a whole, the Court recommends that the District Court **DENY** Wickfire's motion to exercise its inherent power to award fees and costs as a sanction for TriMax's assertion of antitrust and RICO claims.

The Court further notes that Wickfire "reserves the right to move for additional sanctions under Rule 11." Dkt. 424 at 4 n.1.[4] Pursuant to the Court's Order of May 3, 2021, Wickfire had ample

---

[3] Although this case proceeded to trial in 2017 as then set, the District Court indeed was prescient; it now has been pending for more than eight years, comprising 435 docket entries.

[4] TriMax too "reserves its right" to seek attorney fees and costs "as the prevailing *defendant* on Wickfire's Lanham Act claim." Dkt. 426 at 4, 8. Before undertaking any such motion, the Court encourages TriMax to carefully heed the Fifth Circuit opinion in this case, the District Court's Orders cited herein, and TriMax's own extensive arguments that this is not an "exceptional" case. *Id.* at 4-8.

opportunity to file this motion seeking fees and costs as sanctions. Dkt. 421. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **ORDER** that any further motions for sanctions be denied as duplicative.

### III.  Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Wickfire's Renewed and Amended Motion for Attorneys' Fees and Costs (Dkt. 424).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 7, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE